BROWN v. ST. L., I. M. & S. RY.

1. INSTRUCTIONS: *As to exemplary damages.*

In an action to recover damages for an assault, where the verdict is for the defendant, the plaintiff was not prejudiced by the court's refusal to instruct the jury that if they found that the assault was malicious, they might return a verdict for punitive damages.

2. SAME: *Not responsive to cause of action.*

It is not error to refuse a plaintiff's request for an instruction not responsive to the cause of action stated in his complaint.

3. RAILROAD COMPANIES: *Liability for injury to trespasser.*

Where a person is injured by a train while he is trespassing on a railroad track, the company is not liable for the negligence of its employes in failing to discover him on the track, but only for their failure to use proper care to avoid the injury after his presence is known. (*St. L., I. M. & S. Ry. v. Monday, 49 Ark., 257.*)

4. PLEADING AND PRACTICE: *Cause of action: Instructions.*

In an action against a railroad company to recover damages for the killing of the plaintiff's son, the complaint alleged that the deceased being a passenger on the defendant's freight train, was by its employes "assaulted and wilfully thrown from said train," and thereby sustained injuries from which he died. There was evidence tending to show that he received the wounds which caused his death by being struck or run over by a passenger train, and the court instructed the jury to find for the defendant if they believed from the evidence that the deceased was killed by being thus struck or run over. *Held:* That this was not error, as the plaintiff could not recover without proving that the deceased was thrown from defendant's train, nor could he, without an amendment alleging negligence on the part of the defendant in running another train over the deceased, recover for that cause.

5. NEW TRIAL: *Prejudice of juror.*

Where a party does not avail himself of the opportunity to examine a juror on the *voir dire*, and is not misled or deceived with reference to the juror's prejudice, it is too late after verdict to raise an objection thereto.

6. SAME: *Newly discovered evidence.*

It is not error to refuse a new trial on the ground of newly discovered evidence, where such evidence is cumulative only.

APPEAL from *Clark* Circuit Court.

R. D. HEARN, Judge.

Maria Brown brought this action against the St. L., I. M. & S. Ry. to recover damages for the killing of her minor son, W. C. Brown. Her complaint alleges that on the 27th day of June, 1887, the deceased was a passenger on one of the defendant's freight trains, and that while the train was running he was assaulted and thrown from it by the defendant's employes, and that he thus received wounds from which he died a few hours later. The answer of the defendant specifically denies each allegation of the complaint, and alleges contributory negligence on the part of the deceased. On the part of the plaintiff there was testimony to show that on the day mentioned in the complaint, the deceased and Stephen Elder left the defendant's depot at Arkadelphia on a freight train going south, and that they were seen sitting on top of a car, on the east side. Elder testified that he and Brown, the deceased, got on a freight train leaving Arkadelphia at the time referred to, between 12 and 1 o'clock at night, and, having paid the conductor the fare required, obtained his permission to ride on top of the car. That they sat down on the east side of the car, and just after the train left Smithton, the brakeman went to where they were sitting and demanded money. That they told the brakeman they had paid the conductor, and Brown said he did not have any more money. That the brakeman then attacked them both with sticks or clubs, and knocked them off the train. That they fell on the track and were taken up by a passenger train and carried to Smithton. The witness stated that he did not see Brown after they were knocked off the train until he was put on the passenger train, and that he (witness) was so wounded that he was unable to get off the track when he heard the passenger train approaching. William Freeland, a witness for defendant, testified that he was a conductor and ran the second section of freight train No. 619, which left Arkadelphia going south, on the 27th day of June, 1887, at 12:30 a. m. That the train was a "through freight train," and the rules of the company for-

bade the carrying of passengers upon such trains. He denied that he saw Brown or Elder or received pay from them, or that he gave them permission to ride on the top of the train, and stated that he took no passenger on the train and saw no one there except the defendant's employes. Ben Parker testified that he was engineer of passenger train No. 604 on the night of June 27, 1887, and that when near Smithton, he saw two negroes (one of whom was deceased) lying on the track about twenty-five feet ahead of the engine. That one of them was struck by the pilot and knocked against the other. They were put on the train and taken to Smithton. One of them was bleeding very much, and was assisted to get on the train. The other got on without assistance. Two physicians testified as to the nature of the wounds received by the deceased. One of them expressed the opinion that some of his wounds could not have resulted from a fall from the top of a car, and might have been produced by the engine. The court' refused to instruct the jury that if they found that. the alleged assault was wilful and made maliciously, they could find exemplary damages in addition to those actually sustained. The court also refused the plaintiff's third prayer for instruction, which is as follows:

"It is the duty of the defendant's agents employed in running trains over its road, to keep a sharp lookout, and give alarm signals at public crossings, stations, and all other places where they may reasonably expect persons to be on or near the track, and if the jury believe, from the evidence, that the deceased, Wm. C. Brown, was lying on the track near the Smithton depot when one of the defendant's passenger trains passed that place, and that the engine drawing said train struck the deceased and injured him, they will find for the plaintiff, although they may believe deceased was a trespasser and on defendant's track without defendant's fault; provided, they believe defendant's agents in charge of said train could have avoided the accident by giving the proper alarm and.

stopping the train after they discovered, or by reasonable care and watchfulness, they might have discovered, deceased's perilous condition, unless they believe, from the evidence, that after deceased became aware of the impending danger, he failed to do all in his power to avoid the accident."

The court gave the following instruction, which was objected to by the plaintiff:

"If you believe from the evidence that William C. Brown received the wounds, from which he died, by being struck or run over by the passenger train No. 604 running north from Gurdon, you will find for the defendant."

The verdict was for the defendant and the plaintiff moved for a new trial, which being refused, she appealed. The fifth ground of the motion for a new trial is newly-discovered evidence, shown by the following affidavit:

"I, H. W. Meador, Jr., do solemnly swear that I examined the body of Wm. C. Brown soon after his death, and fouud on his body and left arm marks and bruises which, from appearances, were evidently made by a stroke with a stick or club, in the hands of some party; and in speaking of marks and bruises, I do not refer to the broken arm and the cut wounds on the head of the deceased."

The sixth ground of the motion is the alleged incompetency of one of the jurors because of prejudice. This ground is supported by the following affidavits:

"I, Jerry Battle, do solemnly swear that some time after the death of Wm. C. Brown I had a conversation with Mr. G. A. Trigg, one of the jurors who tried above entitled cause, about the killing of the said Brown by the railway company, and about this suit for damages against the railway company; and in said conversation Mr. Trigg said to me that the deceased, Wm. C. Brown, might have been knocked off of the freight train by the brakemen, and if he was they served him right, or he ought to have been knocked off, and that plaintiff would

never recover anything for his death against the defendant railway company."

"I, H. W. Walters, do solemnly swear that some time after the killing of Wm. C. Brown by the railway company, I heard Jerry Battle, in conversation with Mr. G. A. Trigg about the killing of said Brown, and I heard Mr. Trigg say to Jerry Battle that the said Wm. C. Brown might have been knocked off of the freight train by the brakemen, but if he was he was stealing a ride and the brakemen did him right, or they had no business on the train, and the plaintiff would never recover anything for it against the railway company."

*Sam W. Williams* and *Murry & Kinsworthy*, for appellant.

1.    This is a case like *48 Ark., 177*. The dying declarations of Brown were admissible. *23 N. Y., 94 ; 48 Ill., 475*.

2.    The third instruction of defendant was based upon an assumed state of facts not shown by the evidence. *Sacket on Inst. to Juries, p. 20, sec. 20*, and cases cited. This was error. *42 Ark., 57 ; 16 id., 651 ; 36 id., 641 ; Thomps. Charg. the Jury, 62 ; 41 Ark., 382 ; 37 id., 593*. The verdict in this case is shocking to a sense of justice. *37 Ark., 580*.

3.    The court erred in giving defendants first and second instructions, and refusing to give plaintiffs third. Plaintiffs claim was for damages for the negligent killing of her son ; the manner of the killing, if wilful or negligent, was not material. The variance was amendable, even after verdict. *33 Ark., 811 ; 30 Ark., 771 ; 29 id., 323 ; 40 id., 352 ; 35 id., 342 ; 1 Nash. Pl., 328 ; Newman Pl. and Pr., p. 721 ; 10 How., Pr. Rep., 321 ; 1 Bush, 2 ; 1 Estee Pl., etc., sec. 162 ; Myers' Ky. Code, p. 422 ; 3 Boswell, 456 ; 3 S. E. Rep., 355*. See, also, *46 Ark., 524 ; 49 id., 182*.

4.    The newly discovered evidence was not cumulative, merely ; it was pertinent to the issue and would have changed the verdict. *Bayless New Tr. and App., pp. 524–8 ; 43 Barb., 203 ; Hayne New Tr., and App., sec. 90*. But if cumulative, if

it would change the result, a new trial ought to be granted. *27 Cal., 147; 16 id., 180; 35 Cal., 43.*

5. The juror, Trigg, was prejudiced, and a new trial should have been granted. *19 Ark., 156; Bayless New Tr. and App., p. 540; 35 Ark., 646.*

*Dodge & Johnson,* for appellee.

1. Having failed to examine the jury on their *voir dire,* plaintiff waived his right to object after verdict. *8 Atl. Rep., 246; 36 N. W. Rep., 651 and note; 7 S. W. Rep., 307; ib., 373 and note; 20 Ark., 36; 19 id., 161; 44 id., 133; 40 id., 515; 23 id., 54; 35 id., 113; 3 S. E. Rep., 864; 4 Rect., 594; 2 id., 122; 12 id., 136.*

2. The newly discovered evidence was cumulative merely.

3. The third instruction of plaintiff is not the law. *49 Ark., 257.* An instruction that is not confined to the issues in the case is erroneous. *24 N. W. Rep., 38; 25 id., 104.*

PER CURIAM. 1. Maria Brown, the plaintiff, was not prejudiced by the court's refusal to instruct the jury that they might return a verdict for punitive damages, because by their finding she was entitled to nothing.

2. The plaintiff's third prayer for instruction was inconsistent with the ruling in *Monday v. St. L., I. M. and S. Ry. Co., 49 Ark., 257.* Moreover, it was not responsive to the cause of action stated in the complaint.

3. Upon the cause of action made by the complaint, it was necessary for the plaintiff to prove that the deceased was knocked or thrown from the defendant's train before she could recover; and without an amendment to the complaint showing a cause of action for negligence by being run over by another train (if such amendment was permissible), there could be no recovery for that cause. There was no error in instructing the jury to that effect.

4. The objection to the prejudice of the juror came too late after the verdict, inasmuch as the plaintiff had not availed

herself of the opportunity to examine him on the *voir dire* and was not misled or deceived in reference thereto.

5. The newly-discovered evidence was cumulative only. Affirmed.