CASE 100—PETITION ORDINARY—FEBRUARY 24.

## Bickel, &c., v. Kraus.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. PRACTICE IN CIVIL CASES—WAIVER—PRESUMPTION.—Where a verdict was rendered by a jury in April, and after the expiration of that term of court and in the following November, the defendants against whom the verdict was returned, entered a motion to set aside the verdict because the record showed that one of those who signed the same was not sworn as a juror in the case, and without him there was not the necessary three-fourths who were authorized to render a verdict. the error must be deemed to have been waived by the failure to object at the proper time; and, besides, the presumption of regularity in the proceedings must be applied.

2. HOSTILE JUROR—PRACTICE—WAIVER.—When a juror is known by a party to be hostile to him. he should take advantage of it as soon as he discovers him to be on the jury, by motion to discharge the jury upon affidavit stating the facts, or the objection must be considered waived.

JOHN BARRET FOR APPELLANTS.

1. It was necessary for nine jurors to concur in the verdict, and of those nine who signed the alleged verdict in this case, one is shown by the record not to have been sworn as a juror. Under such circumstances the verdict was a nullity. (Thompson on Trials, sec. 3.)

And a motion to set aside a void judgment may be made at any time, even after term time. (Amer. & Eng. Enc. of Law,

Bickel, &c., v. Kraus.

vol. 12, p. 127; U. S. v. McKnight, 1 Cranch, 84; 24 Mo., 401; Cran v. Bary, 47 Ga., 476; Olney v. Boyd, 50 Ill., 453.)

2. When there is cause of challenge to a juror, it is the duty of the court to award a new trial on motion, if the facts came to the knowledge of the party applying therefor after the verdict. (Vance v. Haslett, 4 Bibb., 191; McKinley v. Smith, Hardin, 167; Moody's Ex. v. Pearce, 7 J. J. M., 222; Presbury v. Com., 9 Dana, 203.)

ISAAC T. WOODSON and ALFRED SELLIGMAN for appellee.

1. The verdict is sustained by the evidence. (Wolf v. Matheny, 2 Duv., 137; Dillon on Municipal Corporations, sec. 1032 and notes.)

2. A verdict for $1,000 is a reasonable verdict considering that the injury resulted in the plaintiff being permanently helpless, both physically and mentally. C. & N. R. Co. v. Brown, 12 Ky. Law Rep., 468; Mud River Coal Co. v. Tipton, 12 Ky. Law Rep., 940.)

3. All instructions asked for by the defendant were given and the whole law was properly announced to the jury.

4. The objection that the juror, E. M. Stone, was prejudiced, while unfounded in fact and unsupported by any evidence in this record, was not taken at the proper time, even if it existed. (Peters v. Commonwealth, 6 Ky. Law Rep., 523; Carr v. Commonwealth, 13 Ky. Law Rep., 94; Volz v. Tutt, 13 Ky. Law Rep., 877; Legrand v. Baker, 6 T. B. Mon., 236; Patterson v. Matthews, 3 Bibb., 80; 3 Ky. Law Rep., 394; Tobler v. Brown, 12 Ky. Law Rep., 189; Thompson & Merriman on Juries, 302, 303, 305, 275.)

5. The affidavit of the defendant as to his information or belief as to what Stone's feeling and motives were is not a statement of fact and is not sufficient. (People v. Williams, 24 Cal., 31, 38; Thompson & Merriam on Juries, 437; Tobler v. Brown, 12 Ky. Law Rep., 189.)

6. While it is unquestionably true that the affidavit of a juror is not competent to impeach the virtue of his finding, his affidavit is not only admissible but is proper in support of the integrity of his finding, and as to all questions of motive and intention that influenced the juror, is conclusive. (Cain v. Cain, 1 B. Mon., 213; Thompson & Merriman on Juries, sec. 204.)

7. The objection that Gallagher was not sworn as a juror is unsupported by any fact in this record and is flatly contradicted by the affidavits of all of the members of the jury including Gallagher, himself, besides, even if true, the objection was not taken in time, as it was not made until six months after the motion for a new trial was overruled. Even if true, the defect could not be

taken advantage of. (Thompson on Trials, sec. 5, chap. 1, p. 6, vol. 1.)

After a fair trial on the merits, a technical objection to a juror not affecting his capacity or impartiality, shall not be allowed to affect the verdict. (Presbury v. Commonwealth, 9 Dana, 203; Moody v. Pearce, 7 J. J. Mar., 221; Vance v. Hazlett, 4 Bibb, 192; Ross v. Neal, 7 T. B. Mon., 407; King's Ex'r v. Hanna, 9 B. Mon., 372; Emanuel v. Cocke, 6 Dana, 214; Thomas v. Tanner, 6 T. B. Mon., 61.)

8. The presumption of law is in favor of the regularity of the proceedings and of the validity of the judgment. (Bailey v. Bolling, 7 Bush, 384; Sweeney v. Craddock, 6 B. Mon., 590; Burns v. Allen, 2 B. Mon., 248; Newcomb v. Newcomb, 13 Bush, 544; Jones v. Edwards, 78 Ky., 6; Freeman on Judgments, 124.)

O'NEAL & PRYOR AND PHELPS & THUM OF COUNSEL ON SAME SIDE.

JOHN BARRET IN PETITION FOR REHEARING FOR HENRY BICKEL.

1. The judgment appealed from is a joint one against Jacob and Henry Bickel. The court, in its opinion, lays stress upon the fact that Jacob Bickel knew the facts as to Stone, the juror, and made no question about them until after verdict. But it fails to notice that Henry Bickel knew nothing of them till after verdict, which gives him the right, under the opinion, to urge the setting aside of the verdict.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

This was an action for damages, alleged to have been caused by the gross neglect of Jacob and Henry Bickel, the appellants, in making an excavation for a cellar on Market street in Louisville, extending into or near the sidewalk of the street by leaving it exposed without a proper barrier or lights to prevent persons passing on the street from falling into it.

It was alleged that the appellee, in passing down Market street, fell into this excavation, whereby he received injuries which resulted in permanent impairment of his mind. The averments of appellee were denied, and contributory negligence was pleaded.

Bickel, &c., v. Kraus.

In the trial of the case the record recites, in the usual form, "wherefore, to try the issues joined comes a jury, to-wit," following with a list of twelve names, in which was included the name of Joseph Gegg. The record shows, that on the day following, the jury, after retiring to consult, returned into court the following verdict: "We, of the jury, find for the plaintiff in the sum of $1,000," signed with nine names, eight of which appear in the list of the jury given in the record as having come to try the case, and one of the names being John Gallagher, whose name does not appear in the record list of the jury. This fact does not appear to have been discovered until the following November, the verdict having been rendered on April 5, 1894. In November a motion was made to set aside the judgment entered upon that verdict upon the ground that the judgment was void because the verdict was signed and returned by one John Gallagher, who was never sworn as a juror in the case, and was signed and returned by only eight of the jurors who were sworn to try the case.

No affidavit of any person is filed to show that Gallagher was not in fact sworn as a juror; on the contrary, upon motion and grounds for a new trial, filed immediately after the verdict was rendered, it appeared by the joint affidavit of Gallagher and three others who signed the verdict that "they were sworn as jurors in the above-styled action, which jury returned a verdict herein on the 5th day of April, 1894, and were present at all the deliberations of said jury."

It seems probable that the insertion of the name of Joseph Gegg in the record as a member of the jury which came to try the case was a mistake of the clerk, and that Gallagher was the juror who was in fact sworn. However, that may be, the objection, even if sustained by the facts—and it does not by this record appear to be so sustained—must be deemed to have been waived by failure to object at the proper time. Moreover, the presumption of regularity in the proceedings must be applied in a case like this.

Thompson on Trials, volume 1, edition of 1889, page 6, says: "When the entries of the record are contradictory as to the number of jurors who sat at the trial, so much of the record as states that the jury consisted of twelve men will be regarded as stating the truth, and the contradictory statement will be rejected as a clerical error, the legal presumption being that the portion of the record is true which answers the requirements of the law unless the contrary be made to appear by the bill of exceptions."

We conclude, therefore, that the trial court did not err in overruling the motion to vacate the judgment as void upon this ground.

The only other ground upon which much stress is laid in argument is the ground, set up in a motion for a new trial, of malice or prejudice on the part of the jury, amounting to actual bias. By the affidavits filed on the motion it appears that a few days before the trial Walter Stone and Jacob Bickel, one of the appellants, had become very hostile on account of charges

and countercharges of official corruption; that E. M. Stone, who was one of the jurors who signed the verdict, was the father of Walter Stone, and that he had, before the trial, exhibited a hostile feeling toward Jacob Bickel, and had refused to recognize him. The defendant's affidavits charged that Stone in the jury room took a very prominent part in inducing the other jurors to return the verdict against appellants. It appears, however, from the affidavit of Jacob Bickel himself that while he was not in the courtroom when the jury was empaneled he was there during the trial; that he had known Stone for thirty-five years, and no objection was made by him or his counsel to the service of Stone as a juror until after the verdict was rendered. On the other hand, the affidavits of Stone and of most of the other jurors, including those who did not concur in the verdict, are distinctly and emphatically to the effect that Stone took no prominent part in inducing the rendition of the verdict and committed no improper act.

Upon the evidence introduced by the affidavits we concur with the lower court that a case for setting aside the verdict on the ground of malice, amounting to actual bias, was not made out. So far as regards the appellant, Jacob Bickel, whatever objection existed to Stone on account of the alleged hostility exhibited by him toward Bickel, should have been taken advantage of as soon as Bickel discovered the fact that he was on the jury, by motion to discharge the jury upon affidavit stating the fact, or the objection must be con-

sidered as waived. (Thompson & Merriam on Juries, paragraph 302, *et seq.*)

The further objection that the verdict was contrary to the evidence, and that the weight of the evidence showed that there was a sufficient barrier protecting the excavation was properly overruled by the trial court. There was sufficient evidence to warrant the jury in finding the verdict which they did, and the fact that the court might possibly not have given the same finding would not justify it in invading the province of the jury and setting aside the verdict.

Wherefore, the judgment is affirmed with damages.