SUPREME COUNCIL CATHOLIC KNIGHTS OF AMERICA V.
O. F. GAMBATI ET AL.

Decided May 14, 1902.

**1.—Mutual Benefit Insurance—Wrongful Expulsion from Order—Recovery of Premiums—Limitations.**

Where a member of a mutual benefit insurance association was wrongfully expelled, limitations began to run from the day of the expulsion against his action to recover premiums paid by him.

**2.—Same—Value of Insurance as a Credit.**

If plaintiff's expulsion from the association was wrongful then it would not be entitled, as against his claim to recover the premiums he had paid, to a credit for the value of the insurance during the time it was in force.

**3.—Same—Defense—Expulsion Void.**

As against plaintiff's claim, after his wrongful expulsion from the association, to recover the premiums he had paid, the association was not entitled to urge as a defense that the expulsion was void for want of notice and trial, as required by its laws.

**4.—Same—Expulsion—Appeal Necessary.**

Where the association was composed of a supreme council and local lodges, and plaintiff was expelled by a local lodge without trial or notice as required by the laws of the order, and although he was advised of the illegality of the action and his right of appeal, he made no appeal to the supreme council, he was not entitled to maintain an action to recover the premiums he had paid.

**5.—Same—Reinstatement.**

Plaintiff's expulsion not having been ratified by the supreme council, which was invested with full power in the premises, there was no expulsion in fact, and he was not entitled to recover for premiums he had paid, but had the right to be reinstated in good standing upon the payment of all dues and premiums that had accrued.

Appeal from Harris.   Tried below before Hon. Charles E. Ashe.

*W. P. & A. R. Hamblen,* for appellant.

*Otto Pape* and *Coleman & Abbott,* for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought by O. F. Gambati and wife against appellant the Supreme Council of the Catholic Knights of America, a fraternal insurance association, to recover from the order the premiums which Gambati had paid in on a life insurance certificate, with interest thereon.   There was also a prayer for exemplary damages.

The case was heard by the court without the intervention of a jury, and judgment was rendered in favor of appellees for the sum of the

premiums paid in and interest. Nothing was allowed on the prayer for exemplary damages. From this judgment the association has appealed.

The facts out of which the suit grew are as follows: The association is a fraternal organization with the usual insurance feature. It is composed of a supreme council and subordinate councils, the latter getting their authority for existence from the supreme council. The authority, powers, and rules of government are prescribed by the constitution and by-laws of the order. To each member making proper and satisfactory application therefor there is issued a certificate for life insurance wherein the association promises to pay to a named beneficiary the sum of $2000, upon the death of the member insured. The sum to be paid to the beneficiary might be less than $2000 if the membership of the order was less than that number, but could not in any event exceed that amount. The fund out of which this sum is to be paid is maintained by mortuary assessments upon the members, and failure to pay these assessments within stated times operates as a forfeiture of the insurance. There were other sums payable as dues for the general purposes of the order. In 1886 Gambati became a member of the order in Albany, Ga., paying all sums prescribed by its rules to entitle him to its benefits, and there was issued to him a benefit certificate for $2000 payable to his wife upon his death. In April, 1892, appellee removed to Houston and transferred his membership to a subordinate lodge called St. Patrick's Branch No. 354, located at that place. He maintained his membership in the last named lodge, paying all lawful dues and assessments, when about March 4, 1900, he was informed by an officer of the local lodge that he had been suspended from the subordinate branch and that the suspension forfeited his policy. On the 7th of March, 1900, Gambati wrote to the supreme secretary of the order, complaining of the action of the local branch, and received a reply, dated March 10, stating that the local branch had acted without authority, and advised him that his complaint had been forwarded to the supreme council. On April 4, 1900, the supreme secretary wrote to the secretary of the local branch regarding the matter, calling attention to the invalidity of the action of the local branch in suspending Gambati. This suit was filed on April 7, 1900. The order of suspension was rescinded about two months after it was made and Gambati was notified of the fact. The supreme council never marked Gambati suspended nor considered him suspended. They voluntarily considered the case at their first meeting after suspension and advised the local branch that it had no legal effect; that Gambati was still a member, and directed them to proceed to collect his dues.

The reason for the expulsion was that Gambati had joined the Knights of Pythias, a secret order under the ban of the church. Joining a secret order under the ban of the church was prescribed in the constitution as a cause for expulsion and a forfeiture of all rights and benefits. The Knights of Pythias was an order which was under the ban and Gambati had joined it. Expulsion for this cause could be had only after notice

Vol. 29 Civil—6.

to the member and an opportunity given him to withdraw from the forbidden order. He was suspended without written notice or formal trial. The constitution of the order provides fully and intelligently for a formal trial under the rules of evidence, upon charges in writing, a copy of which must be served upon the member. Appeal to the supreme council is also provided for. The order of expulsion was made in Gambati's absence and upon the verbal report of a member who had been appointed to ascertain the facts.

Appellant defended upon the grounds, (1) that the order of expulsion was void and Gambati was still a member in good standing; (2) because he had failed to appeal and seek redress in the tribunals of the order; (3) because the rescission of the order of expulsion was a bar to the suit; (4) because the Supreme Council was not bound by the unauthorized act of the local council.

These grounds are urged here as reasons for reversal. Complaint is also made that the judgment is unauthorized because much of the amount sued for is barred by limitation, and because Gambati was actually insured during the years he was a member of the order, and the value of this insurance should be deducted from the sums paid in.

The defense of limitation is untenable, because if there were any cause of action it arose from his expulsion and not earlier.

The claim that appellant was entitled to a credit for the value of the insurance during the time it was in force can not be maintained, for it is well settled that an insurance concern which wrongfully terminates the contract of insurance must refund the premiums with interest if demanded. Insurance Co. v. McAden, 1 Atl. Rep., 256; Van Werden v. Insurance Soc., 68 N. W. Rep., 892; 2 Enc. of Law, 2 ed., p. 964.

That the order of expulsion was void for want of notice and trial does not of itself constitute a defense, for if the supreme council had by acquiescence or affirmative act ratified it the member could have pursued his remedy by mandamus to compel his reinstatement, or he might have treated the contract as broken and maintained his suit, in its present form. At this point it is proper to consider the duty of the member to exhaust his remedies in the tribunals of the order before resorting to the courts. It is well settled that before resorting to the courts to compel a reinstatement where a member has been illegally expelled, he must seek to annul the expulsion by appeal where such a remedy is supplied by the constitution and by-laws of the order. Screwmen's Assn. v. Benson, 76 Texas, 555; People v. Woman's Catholic Order of Foresters, 44 N. E Rep., 401; Woods v. What Cheer Lodge, 35 Atl. Rep., 1045; Bacon's Ben. Soc., sec. 385.

In Texas this is true even where the order of expulsion is void for want of notice or trial or want of power to make it. Screwmen's Assn. v. Benson, supra.

The authority last cited apparently holds that the member by agreeing to abide by the rules of the order must in every case submit his complaints to the tribunals established by the order, but there is ample

authority to the effect that this duty is imposed upon the injured member only where his right to membership and the general benefits to be derived therefrom are involved, and generally the rule does not apply where property rights or the financial interests of the members are affected. People v. Woman's Catholic Order of Foresters, supra; Bacon's Ben. Soc., secs. 107 and 450.

Thus where an expelled member dies and his beneficiary claims the insurance, the fact of expulsion will not be a valid defense if the order of expulsion be void or made for a cause which the courts will not uphold, and this though the deceased member has failed to exercise his right of appeal.

It seems that generally the necessity of appeal obtains only in cases involving discipline, and which affect the right of the member to enjoyment of membership and its incidental benefits as contradistinguished from the forfeiture of property rights.

In cases such as the one before us, however, we are inclined to think that the right to membership and the right to a continuance of the insurance are so intimately related, the one resting upon the other, that it was the duty of the member to pursue his remedy in the tribunals of the order, thus giving the supreme council from which the certificate issued, and which in its capacity as the corporate representative of the entire order is the necessary defendant, an opportunity to redress the wrong before treating the act of the subordinate lodge as final and holding the general organization responsible therefor. This view is strengthened by the fact that Gambati had advice from one of the supreme officers of the concern that the action of the local council was null and that his rights had been voluntarily submitted to the supreme council. This he knew before the institution of the suit. He also knew that the matter could not be disposed of by the supreme council until its meeting, and he knew when this would occur. It was in fact adjudicated in his favor when the meeting took place. He also knew that by the rules of the order it was the duty of the local secretary to certify the expulsion proceedings to the proper officer of the supreme council for approval. He knew by reason of his correspondence with the supreme secretary that the order of expulsion would not be approved.

We are of opinion he should have appealed to the supreme council, which was not only clothed with ample power to redress his grievance, but which in its character as representative of the entire order, and which in such capacity was ultimately responsible unless redress was made, had the right to an opportunity to protect the interests of the order and its interest in the contract of insurance. It had provided a means thus to protect itself, and the member being chargeable with knowledge of the rules governing the order, was charged with the duty either to afford it this opportunity or at least to wait until the opportunity was presented in the ordered course of things.

But there is another reason why the judgment of the trial court can not be upheld. If it be conceded that the duty to appeal to the supreme

council did not rest upon the member, and if it be further true that he might treat the local council as the general agent of the supreme council, the question remains whether the facts of this case support the conclusion that the local council was the agent of the supreme council in the matter complained of.

The local council is the creature of the supreme council,—its agent for the admission of members and delivery of insurance or benefit certificates, its agent and only means of disciplining the membership and the enforcement of the rules; but the certificate is issued by the supreme council or its officers at discretion after inspecting the application and its answers and representations. In a sense, the local lodge is the general agent of the supreme council, and ordinarily could be dealt with as such with reference to its apparent authority.

It is well settled that the law of agency as applied to life insurance concerns applies also to benefit societies. But with this distinction: in life insurance companies conducted for profit the insured deals with it as a stranger and is not presumed to have any knowledge of limitations on the apparent authority of the agent. Such knowledge must be shown when the company desires to protect itself against the unauthorized act of its agent. Bacon's Ben. Soc., sec. 149. But a member of a benefit society becomes a component part of the society and is presumed to be familiar with any limitations upon the authority of the local council of which he is a member.

We are aware it has been held that in matters affecting the validity of insurance knowledge on the part of the local council will be treated as knowledge of the supreme council, and will in certain instances estop the latter from setting up such facts in avoidance of the policy. Association v. Fuqua, 60 S. W. Rep., 1020; Knights of Pythias v. Bridges, 39 S. W. Rep., 33. But we think those cases easily distinguished from the case at bar.

The member in this case not only knew that the local council was not authorized to expel him as it did and thereby forfeit his contract with the supreme council, but even if he is not chargeable with this knowledge and could be permitted to treat its act as valid under its apparent power, the fact remains that the act was unauthorized and was not the act of the supreme council, and that the latter had disavowed the act through its secretary before the suit was brought. The redress, while not accomplished, was in progress when the action was instituted. Gambati's expulsion was a wrong for which the local council was responsible. It being a nullity, it did not affect the validity of the benefit certificate, and until the supreme council made the act its own there was no breach of the contract of insurance.

In this view of the case the suit appears to have been not only prematurely, but unnecessarily, brought against the supreme council, which had not only done no wrong, but which showed a disposition to right the wrong done by the local lodge.

For the reasons given the judgment of the trial court is reversed and

judgment is here rendered that appellees take nothing by their suit, but inasmuch as the officers of the local branch, who were the agents of the supreme council for the collection of premiums, refused, while the order of expulsion was unrescinded, to accept Gambati's tender of dues, and appellant maintains both in its pleading and on this appeal that Gambati is still a member in good standing, the latter is adjudged to have the right within thirty days from the filing of the mandate in the District Court to pay to the proper officers of the order such fees and premiums as shall appear then to be due to the order by reason of his membership. See American Legion of Honor v. Geisberg, 17 Texas Civ. App., 2.

*Reversed and rendered.*

Writ of error refused.