UNITED BROTHERS OF FRIENDSHIP AND SISTERS OF THE MYSTERIOUS TEN v. TYLER. (No. 1722.) (Court of Civil Appeals of Texas. Texarkana. Feb. 2, 1917. Rehearing Denied Feb. 15, 1917.) Appeal from District Court, Marion County; J. A. Ward, Judge. Suit by Harriet Tyler against the United Brothers of Friendship and Sisters of the Mysterious Ten. Judgment for plaintiff, and defendant appeals. Judgment reformed. Armistead & Benefield, of Jefferson, for appellant. W. L. Grogan, of Shreveport, La., and T. D. Rowell, of Jefferson, for appellee.

HODGES, J. The appellant is a mutual benefit association and furnishes insurance to its members. In 1903 it issued a policy of insurance for $300 upon the life of Fred Tyler, in which the appellee was named as the beneficiary. In 1913 policies which had theretofore been issued to members were surrendered under some kind of an agreement that other policies for $500 would be issued in their stead. Fred Tyler surrendered his policy in pursuance of that agreement, and a substituted policy was issued and transmitted to the subordinate lodge of which he was a member, but was never delivered to him. Fred Tyler died in June, 1914, and this suit is by his wife, Harriet Tyler, for the amount of the policy. The defense upon the trial below was that Fred Tyler had been suspended by the local lodge of which he was a member, and that he had made false and fraudulent representations as to his age at the time he procured the insurance. In a trial before the court without a jury a judgment was rendered in favor of the appellee for the full sum of $500 and the funeral benefits provided for in the policy. The record shows that in July, 1913, after the substituted policy had been issued, Fred Tyler called upon the local secretary and demanded it, but for some reason he was refused. About that time Tyler claimed

that the lodge was due him a sum of money as sick benefits, and, upon the refusal of the lodge to pay it, he had instituted a suit for the recovery of the sum claimed. Charges had been preferred against him in the local lodge, in which he was accused of having wrongfully instituted a suit against the lodge and of violating some other rules of the order. He was notified to appear and answer the charges some time in the month of August, 1913. He failed to appear at the time stated, and an order was entered suspending him from membership. The court found as a fact, and the finding is not assailed, that the order of suspension was void, for the reason that no such proceedings were authorized by the laws or constitution of the appellant order. It also appears from the findings of the court that all of the dues exacted from Tyler had been paid or tendered by him and his son up to and after this order of suspension, and that Tyler had not forfeited any of the benefits of his policy by reason of the nonpayment of dues. If these findings of fact be correct the trial court's conclusions of law follow as a logical result. Supreme Council, etc., v. Gambati, 29 Tex. Civ. App. 80, 69 S. W. 114; 1 Bacon on Ben. Soc. 107. There is not sufficient evidence to enable us to say as a matter of law that Tyler had falsely misstated his age at the time he became a member of the order, or at the time this policy of insurance was applied for. The evidence tends to show, and the court so found, that when the original policy was issued no written or formal applications were required in which the ages of the members were given. Some time afterwards the ages were demanded, but what age Tyler sent in does not appear. We cannot say that the court's conclusion of fact upon that issue is not sustained by the evidence. The judgment, however, must be reformed. The policy issued to Tyler contains, among other things, stipulations which limit the amount of the insurance to $300 if the insured dies within 12 months after the issuance of the policy, and to $400 if he dies within 24 months. Tyler died within 24 months from the time the policy was issued and should have been delivered to him. The amount which the beneficiary is entitled to recover for insurance must therefore be limited to that sum, and the judgment will be reformed accordingly. The costs of this appeal will be taxed against the appellee.