GRAND LODGE, COLORED K. P. OF GRAND JURISDICTION OF TEXAS et al. v. SANFORD et al. (No. 450.)

(Court of Civil Appeals of Texas. Waco. Dec. 16, 1926.)

1. Insurance ☞694(2)—Strict rules of judicial procedure do not apply to fraternal benefit lodge trials, and prejudice does not disqualify trial officers.

Strict rules of judicial procedure are not applicable to fraternal benefit lodge trials, and prejudice in minds of grand lodge officers constituting trial tribunal does not disqualify them so as to make order of expulsion from membership void.

2. Insurance ☞694(3) — Expelled members, failing to appeal to higher fraternal society authorities, from expulsion order, held not entitled to resort to courts even if order was void.

Where constitution of fraternal benefit society requires expelled members to appeal to meeting of grand lodge and to supreme lodge before resorting to legal action, expelled members, who took no such appeal from order of expulsion, were not entitled to mandatory injunction or mandamus, even if expulsion was void.

3. Insurance ☞694(3)—Mandamus or injunction will lie to redress wrongs of lodge members only, where remedies within lodge have been exhausted.

Mandamus or mandatory injunction to compel reinstatement of fraternal society members and restoration of their rights and privileges will be granted only where applicant has exhausted all remedies by appeal provided by rules of order.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by J. W. Sanford and another against the Grand Lodge of Colored Knights of Pythias of the Grand Jurisdiction of Texas and others. Judgment for plaintiffs and defendants appeal. Reversed and rendered.

Williamson & McDonnell, of Waco, for appellants.

Weatherby & Rogers and R. D. Evans, all of Waco, for appellees.

GALLAGHER, C. J. This suit was instituted by J. W. Sanford and C. H. Thomas, appellees herein, against Grand Lodge of Colored Knights of Pythias of the Grand Jurisdiction of the State of Texas, and the Knights of Pythias of North America, South America, Europe, Asia, Africa, and Australia, appellants herein. Appellees prayed for an injunction restraining appellants from denying to appellees their rights as members of said order, and for a mandamus requiring appellants to reinstate appellees as members of said order and to recognize them as such, with all the rights and privileges of membership, and in addition thereto for damages for alleged illegal suspension from said order in the sum of $21,150.

Appellant Knights of Pythias of North America, South America, Europe, Asia, Africa, and Australia, is a duly incorporated fraternal beneficiary order, and its authority is supreme. It is designated herein as the Supreme Lodge. Its presiding officer is called the Supreme Chancellor, and he represents it in the interim between sessions. Appellant Grand Lodge of Colored Knights of Pythias of the Grand Jurisdiction of the State of Texas is a corporation and a subordinate lodge under the jurisdiction of said Supreme Lodge, and is designated herein as the Grand Lodge. Appellees, prior to their expulsion from the order, were each members of a local lodge, subordinate to and under the control and jurisdiction of said Grand Lodge, and had been such members for several years. As such members, they held certificates of insurance entitling their respective beneficiaries to funeral benefits and death benefits amounting in the aggregate to $575.

The Grand Lodge is composed of its elective officers, delegates from the subordinate lodges, and certain nonvoting members, the basis of whose membership is not disclosed by the record. The presiding officer of the Grand Lodge is called Grand Chancellor. The constitution of the Grand Lodge provided at the time the issues herein involved arose that a regular convention thereof should be held annually on the first Tuesday in June at the place selected by the previous annual convention. It further provided, in case of calamity or imperative exigency, the Grand Chancellor might, with the consent of certain other Grand Lodge officers, select a time and place when and where such convention should be held.

The Grand Lodge convention was held in Dallas in 1923. Prior to the time of such meeting the Grand Chancellor concluded that the interests of the membership of the Grand Lodge as such and of the Grand Lodge as a corporate body would be greatly advanced by having the annual convention begin on Monday instead of Tuesday, and acting under his construction of the exigency clause

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the constitution, and, with the consent of the proper officers, he called the convention to meet in Dallas on Monday instead of Tuesday. This action was approved and ratified by the Grand Lodge convention when it met. The Grand Chancellor then in office had served as such for several years, and was re-elected at that convention. He claimed that the change of the day of meeting from Tuesday to Monday resulted in the largest attendance in the history of the Grand Lodge and in a saving to said lodge of expense in a sum exceeding $10,000. The city of Fort Worth was duly selected by the Grand Lodge as the place for the annual meeting in 1924. The Grand Chancellor, with the consent of the proper officers, again declared an imperative exigency and called said convention to meet on Monday, June 2d, instead of Tuesday, June 3, 1924. Thirty days' notice of said change in the date of meeting was given to each of the subordinate lodges of the order. Approximately 500 members of the Grand Lodge met on said date in response to said call. The Grand Lodge convention was duly opened, and it then as a body ratified the action of the Grand Chancellor in calling said meeting for Monday instead of Tuesday. The constitution and laws of the order contemplated that a convention of the Grand Lodge would remain in session for four days.

The order of business provided for action on the reports of the Grand Lodge officers and directors and the election of officers for the ensuing year on the second day of the session, but it further provided that such order might be transposed by the presiding officer under certain circumstances. There was testimony that the constitution required that the officers of the Grand Lodge be elected by ballot. At the Dallas convention the officers had been elected prior to Wednesday, which day would have been the time for such action set by the order of business if the convention had met on Tuesday. The manner of election at that meeting was by a verbal motion to suspend the rules and order the Master-at-Arms to cast the unanimous vote of the lodge for the re-election of all the Grand Lodge officers then serving. This motion was carried unanimously, the ballot cast as therein directed, and all of said officers declared duly elected to their respective offices for the ensuing year.

. Appellees were dissatisfied with such procedure and with other rulings of the Grand Chancellor at the Dallas convention, and considered such rulings unfair, arbitrary, and oppressive. Appellees, on the 2d of June, 1924, together with four other members of said Grand Lodge, filed suit in a civil district court of Tarrant county against the Grand Chancellor, the Grand Keeper of Records and Seals and his assistant, in which they set out their complaint of the alleged premature meeting of said Grand Lodge and of the manner in which the officers of that body had been elected at Dallas, and alleged that said officers were misapplying the funds of the order and had already converted $30,000 of such funds to their own use. They further alleged that the defendants in said suit had declared that they would pursue the same course with reference to the election of officers for the ensuing year, and that they would in fact do so unless restrained by the court, and that said defendants had formed a conspiracy to control the convention and secure their re-election against the will of the members of the Grand Lodge. They prayed for a mandatory injunction against the defendants in said suit, commanding them to conduct the election of officers "in any other manner than by ballot," and restraining them from conducting the business of said Grand Lodge "in any other manner than as provided by law." The injunction was granted as prayed for and duly served during the morning session of the Grand Lodge on that day. The injunction was ignored, and all the Grand Lodge officers were re-elected to their respective offices for the ensuing year in the same manner as in Dallas. The court which issued said injunction subsequently held that the language of the same as set out in the writ served on the defendants was insufficient, and that no contempt was committed by the defendants in ignoring such injunction.

Appellees, with other disaffected members of the Grand Lodge, met on Wednesday, in the Grand Lodge room at a time when that body was not in session, and, purporting to constitute the regular and constitutional convention of said Grand Lodge, elected a full roster of officers for such Grand Lodge. Shortly thereafter appellees, joined by the other persons so elected to office by them and those acting with them, filed an amended petition in said suit, in which they made all the newly elected officers of the Grand Lodge parties defendant. They alleged in said petition that they were the duly and constitutionally elected officers of the Grand Lodge, and that the purported election of the defendants to their respective positions was contrary to the provisions of the constitution and laws of the order, and void, that they had demanded of defendants possession of the books, records, properties, and funds belonging to the Grand Lodge, and that defendants had refused to surrender the same, and were continuing to misapply the funds of the order and convert the same to their own use. They further alleged that, under the provisions of the constitution and laws of the order, they were afforded a method of procedure and a remedy within the order by an appeal to the Supreme Lodge, and that they had perfected or were perfecting their appeal thereto. They prayed for an injunction restraining the defendants from paying out any money or disposing of any property of the

Grand Lodge pending the final determination of their appeal to the Supreme Lodge, and for the appointment of a receiver to take charge of all the property and assets of the Grand Lodge, and to control the same for the benefit of such lodge pending such appeal. The court set said application for hearing on June 30, 1924. It appears from the evidence that no such hearing was ever had, that said suit was abandoned, and no further proceedings had therein.

The grand statutes of the order at that time provided that members thereof should not resort to civil courts for establishing rights and redressing grievances growing out of membership in the order until they had exhausted their remedies in all the tribunals thereof; that any member violating such provision should be deemed guilty of an offense against the order and upon conviction expelled therefrom; that, when the Grand Chancellor became cognizant of such violation by any member of the order, he should at once summon said member for trial before the Grand Lodge officers, who should have the power and authority to inflict the penalty so provided therefor, provided, however, that said member should have a right of appeal from the action of the Grand Lodge officers to the next convention of the Grand Lodge or to the Supreme Chancellor. Said statutes created certain trial tribunals, and conferred upon them jurisdiction to try members for offenses against the order. Among the tribunals so expressly created and invested with jurisdiction were the elective officers of the Grand Lodge. Said statutes provided for appeal from the action of the officers of the Grand Lodge sitting as such tribunal to the Grand Lodge in session, and from the Grand Lodge to the Supreme Chancellor, and from him to the Supreme Lodge. Complaint was filed before said officers of the Grand Lodge, charging appellees with violating said statutes by instituting said proceedings in said civil court at Fort Worth. They were duly notified of the nature of the charge and the time and place when and where the same would be heard. They made default, and, after trial on evidence, the Grand Lodge officers sitting as such tribunal entered an order or judgment finding them guilty as charged and expelling them from the order. They appealed from said order or judgment to the Supreme Chancellor, who dismissed their appeal, holding that he had no jurisdiction; that appellees should first appeal from said Grand Lodge officers to the Grand Lodge itself; that, if dissatisfied with the decision of the Grand Lodge on such appeal, appellees might then prosecute an appeal from such decision to him. No further appeal was prosecuted. The next annual Grand Lodge convention was held in Waco in June, 1925. Appellees went to the guard in charge of the outer door and demanded admittance,

which was refused. They then instituted this suit.

There was a trial before the court and judgment reinstating appellees as members of the order on payment of all dues which had accrued on their respective certificates since the last payments made thereon. Said judgment provided for the issuance of a mandatory injunction against appellants, their officers and agents, to enforce the same. No damages were awarded appellees by said judgment, and they have not complained. Said judgment is here presented for review.

## Opinion.

[1] Appellants contend that the court erred in granting a mandatory injunction reinstating appellees as members of the order, because the undisputed facts show that they had not exhausted their remedies in the several appellate tribunals provided by the laws of the order. The authorities are uniform that a member of such an order as the one here involved is bound by a sentence of expulsion against him lawfully rendered by a tribunal created in pursuance of its constitution and laws and invested with such jurisdiction and authority. It is held that such member, by uniting with the order, assents to and accepts its constitution and laws, and impliedly binds himself to abide the decision of such tribunals as they may provide for the determination of issues affecting his membership therein. Screwmen's Ben. Ass'n v. Benson, 76 Tex. 552, 555, 13 S. W. 379.

Appellees assert, however, that said order of expulsion was void because the grand officers constituting the tribunal which tried them and expelled them from the order were defendants, and charged with felonious malfeasance in their respective offices in the very suit for the filing of which the sentence of expulsion was imposed on appellees. They contend that the several members of said tribunal were on that account disqualified to hear and determine the charges filed against appellees and to render a judgment finding them guilty of such charges and inflicting the penalty of expulsion therefor. The laws of the order clearly defined the offense for which appellees were tried and prescribed the punishment to be inflicted therefor. Said laws created the tribunal by which they were tried and conferred upon it specific jurisdiction to try members of the order charged with having committed that particular offense. Said laws also made it the duty of the Grand Chancellor to see that any one guilty of violating the same was duly prosecuted. The jurisdiction of said tribunal was invoked by specific charge or complaint. A copy of said charge was served on appellees, and they were given ample notice of the time and place set for hearing of the same. The tribunal met at the appointed time and place, but appellees did not appear

to challenge the qualification of the members thereof nor to defend against the charges so preferred. The transcript of the proceedings of the trial of appellees before said tribunal shows that such trial was conducted in an orderly manner; that appellees were tried separately; that on the trial of each of them the charge against him was presented; that it was made to appear that notice thereof had been duly served; that evidence was introduced from a witness or witnesses duly obligated in the manner prescribed by the laws of the order; and that copies of the original and amended petitions filed by appellees and others in the civil court at Fort Worth were introduced in evidence. Said transcript further shows that, after the evidence was completed, said tribunal considered the same and passed a resolution formally adjudging each of said appellees guilty of the charge upon which he was being tried, fixing his punishment at expulsion from the order, and ordering and declaring him so expelled. Expulsion was the specific and only penalty for said offense authorized by the laws of the order.

The gravamen of the offense charged against appellees was resorting to the courts in an attempt to control the procedure of the Grand Lodge. That they did file such suit was established by the evidence before said tribunal and admitted by appellees in the trial of this case. The members of said tribunal had no pecuniary interest in the issue of whether appellees should be expelled or continued as members of the order. We do not mean to question appellees' contention that the circumstances were such as to create prejudice against appellees in the minds of the members of such tribunal, and that the existence of such prejudice ought to be reasonably inferred as a fact. The question is the effect that such prejudice on the part of the officers of the Grand Lodge constituting the trial tribunal had upon the validity of its action in expelling appellees from the order. The laws of the order nowhere prescribed that prejudice should disqualify members of the trial tribunals from acting thereon nor render the judgments of such tribunals null and void. The offense in this case involved primarily a resort to the civil courts in an attempt to invade the rights, privileges, and immunities of the Grand Lodge, and, incidentally, charges of malfeasance against all of its officers.

According to appellees, they are immune from discipline or punishment therefor, because in doing so they gave the members of the only tribunal authorized to try them reasonable ground for prejudice against them. A like situation would arise if one or more members of a local lodge committed an offense against it as such, and in connection therewith libeled all the other members of said lodge. The offending members would be immune from discipline if all the other members of such local lodge were thereby disqualified to try them. We think it sufficiently appears that the strict rules of judicial procedure are not applicable to lodge trials. While our statutes make it a cause for challenge of a juror that he has bias or prejudice in favor or against either of the parties to the suit, such objection is one that can be waived by failure to make timely objection on that ground. Revised Statutes, arts. 2134, 2143, 2144; Blanton v. Mayes, 72 Tex. 417, 422, 10 S. W. 452; Tweedy v. Briggs, 31 Tex. 75, 76; Haynes v. Sosa (Tex. Civ. App.) 198 S. W. 976, 977 (writ dismissed); Rice v. Dewberry (Tex. Civ. App.) 93 S. W. 715, 717, 718 (writ refused); Brown v. St. L., I. M. & S. Ry. Co., 52 Ark. 120, 12 S. W. 203, 204; Bickel v. Kraus, 100 Ky. 728, 39 S. W. 414. On the other hand, bias or prejudice for or against a party to a suit are not made ground for disqualifying a judge from sitting in the trial of such suit by either the Constitution or laws of this state, and it has been held that the specific grounds of disqualification enumerated therein are exclusive. Berry v. State, 83 Tex. Cr. R. 210, 203 S. W. 901, 902, 903; Senter v. Isham (Tex. Civ. App.) 263 S. W. 618, 619, 620. We are not to be understood as holding that the order of expulsion entered by the officers of the Grand Lodge sitting as a tribunal of the order for the trial of appellees was conclusive and not subject to review by the courts under any circumstances. St. Louis S. W. R. Co. v. Thompson, 102 Tex. 89, 94, et seq., 113 S. W. 144, 19 Ann. Cas. 1250; Benson v. Screwmen's Ben. Ass'n, 2 Tex. Civ. App. 66, 21 S. W. 562. We merely hold that on the issue of appellees' right to invoke the equitable powers of the court to compel their reinstatement as members of the order and the restoration of their rights and privileges as such by mandamus or mandatory injunction, such order was sufficient to require them to avail themselves of the right of appeal therefrom to the Grand Lodge, as provided by the laws of the order.

[2, 3] The issue presented by this appeal is whether the trial court erred in granting appellees a mandatory injunction to compel their reinstatement as members of the order. Our Supreme Court has held, and such holding has been consistently followed, that such relief should not be granted unless it be shown that the applicant therefor has exhausted all the remedies by way of appeal provided by the laws of the order. This holding is based on the rule that such extraordinary relief will not be granted so long as another adequate remedy is available. Screwmen's Ben. Ass'n v. Benson, supra; St. Louis S. W. R. Co. v. Thompson, 102 Tex. 89, 99, 113 S. W. 144, 147, 19 Ann. Cas. 1250; Brazelton v. Slatten (Tex. Civ. App.) 255 S. W. 1009, 1011; Sawtell v. Feser (Tex. Civ. App.) 235 S. W. 960, 961, 962; Fraser v. Buck (Tex. Civ. App.) 234 S. W. 679, 683; Brown v. Har-

ris County Medical Soc. (Tex. Civ. App.) 194 S. W. 1179, 1181. Our Supreme Court further holds that the rule requiring an applicant for reinstatement to exhaust his remedies by way of appeal provided by the laws of the order is applicable, notwithstanding the order of expulsion may be contrary to law and void. Screwmen's Ben. Ass'n v. Benson, supra, page 556 (13 S. W. 379). The Court of Civil Appeals for the First District held in the case of Supreme Council Catholic Knights of America v. Gambati, 29 Tex. Civ. App. 80, 69 S. W. 114, 116, that the application of the rule above stated was not affected by the fact that the member carried a certificate of insurance in the order, and the Supreme Court refused a writ of error.

The evidence in this case shows that appellees did not exhaust their remedies by way of appeal provided for their relief by the laws of the order. For that reason, the judgment of the trial court is reversed, and judgment is here rendered for appellants.