998

RHODEN *v.* STEPHENS.
RHODEN *v.* STATE.

5162 and 5163                                          395 S. W. 2d 754

Opinion delivered November 22, 1965.

*Harkness & Friedman,* Texarkana, Texas, *Arnold & Arnold,* for appellant.

*Bruce Bennett,* Atty. General, By: *Joe Bell,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J.  David Rhoden was convicted of murder and sentenced to life imprisonment. After the trial his attorneys, appointed by the court, applied for a new trial on the ground that an ineligible juror had served in the case. The court denied the application. By appeal and certiorari the matter has been brought to us for review. Opposing counsel have agreed that Rhoden's appeal on the merits, Case No. 5118, *Rhoden* v. *State,* will be deferred until the decision in the case at bar.

Both Rhoden and Clint Otwell were involved in the homicide. Otwell was tried first, in December of 1963.

At that trial Walter E. McDaniel was one of the venire-men. On voir dire he stated that he lived close to Otwell and that he had heard the case discussed by persons who purported to know the facts of their own knowledge. The record in the Otwell case then continued as follows:

"By the Court: 'Has that made any impression on your thinking in the matter, without stating what that impression is?'

"By Mr. McDaniel: 'Yes, it has.'

"By the Court: 'You may be seated, Mr. McDaniel.'

" (Excused by the Court.) "

Rhoden's trial began three months later, in March of 1964. At the request of Rhoden's counsel the court inquired of the jury panel: "Is there any juror who was excused for cause . . . in the Otwell case—for cause, now. The Court would have excused you." McDaniel made no response to this inquiry and served as a juror in Rhoden's trial.

The trial court, in denying Rhoden's application for a new trial, held, first, that McDaniel was not excused for cause in the Otwell case; second, that the Otwell and Rhoden cases were not identical; and, third, that counsel had not been diligent in seeking to discover McDaniel's disqualification within the time allowed for filing a motion for a new trial.

We are unable to agree with the court's reasoning. A juror who has formed an opinion by talking with wit-nesses who purport to know the facts is *prima facie* disqualified for cause. *Collins* v. *State,* 102 Ark. 180, 143 S. W. 1075 (1912). McDaniel was, by his own admission, subject to a challenge for cause in the Otwell case.

In holding that McDaniel was not in fact excused for cause in the Otwell case the trial judge stated that his telling McDaniel to be seated was, under the practice in his court, a reservation of the question of the juror's competency, so that McDaniel might have been questioned in more detail if it developed that his services might be

needed. The trouble is, there is nothing to indicate that McDaniel was aware of that practice. As far as McDaniel might be expected to know, he had been excused for cause. That is, as a result of his knowledge about the case he was not submitted to counsel as a qualified juror, and he did not in fact serve in the case.

We think it immaterial that the Rhoden case and the Otwell case were not *identical*. Apparently only on homicide was involved. That homicide gave rise to similar charges against Otwell and Rhoden. Upon the record before us we cannot say that a prospective juror who had formed an opinion about Otwell's guilt would necessarily be free from bias with respect to Rhoden. The juror McDaniel did not testify at the hearing upon the application for a new trial in Rhoden's case. As far as the proof now before us extends, McDaniel was *prima facie* disqualified in the present case. The State has not rebutted that *prima facie* showing by proof that McDaniel was really unbiased.

On the point of diligence we have frequently held that a party cannot complain of a juror's possible prejudice if the complaining party failed to question the juror about the matter on voir dire. *Missouri Pac. R. R.* v. *Fikes,* 211 Ark. 256, 200 S. W. 2d 97 (1947); *Brown* v. *St., L., I. M. & S. Ry.,* 52 Ark. 120, 12 S. W. 203 (1889). Conversely, the party does not waive the juror's disqualification if the party raises the point on voir dire and is misled by the juror's statements or by his silence. *Anderson* v. *State,* 200 Ark. 516, 139 S. W. 2d 396 (1940). In that case we said: "Nothing can destroy the integrity of juries more effectively than to allow prejudiced jurors to sit in a case." We cannot be certain that McDaniel was free from prejudice in the case at hand. In this situation Rhoden is entitled to a new trial.

The judgment in these two cases is reversed and the matter remanded for a new trial. Rhoden's appeal on the merits, Case No. 5118, now becomes moot and will therefore be dismissed.