### BURNS v. BRICK-LAYERS' BENEVOLENT & PROTECTIVE UNION.

*(City Court of Brooklyn, General Term.  April 27, 1891.)*

1. BENEVOLENT SOCIETIES—RIGHTS OF MEMBERS—REVOCATION OF PRIVILEGES.

    A member of a brick-layers' union brought an action against the union asking that a "strike" ordered by it be declared irregular and void; that fines imposed on him be declared null and void; and that he be reinstated as a member in the union, and his "pass-card," showing him to be a member in good standing, of which he had been deprived, be given to him. It appeared that the fines had been imposed for violations of the rules of the union by him in working for an employer who did not pay his men weekly, and in working with non-union men; and that he was in arrears for the fines for more than the period after which a member so in default was prohibited by the by-laws from working. *Held,* that it was immaterial whether the "strike" was properly ordered against his employer, and that his card was properly taken away.

2. SAME—REMEDIES.

    A member of a society cannot maintain an action to have fines imposed on him by a committee of the society declared void, because imposed without a trial, until he has exhausted his remedy by appeal in the society itself.

    Affirming 10 N. Y. Supp. 916.

Appeal from special term.

Action by John Burns against the Brick-Layers' Benevolent & Protective Union. Plaintiff appeals from a judgment for defendant entered on trial by the court without a jury.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Charles F. Brandt*, for appellant.    *Thomas E. Pearsall*, for respondent.

CLEMENT, C. J.    The plaintiff brought this action, and asked judgment in his favor (1) that a "strike" claimed to have been ordered by the defendant on or about January 2, 1889, be declared irregular and void; (2) that four fines, amounting to $75, imposed on plaintiff be declared null and void; (3) that the plaintiff be reinstated in defendant, and to his rights and privileges, as a union man, and that he be given a pass-card to show that he is a member of defendant in good standing.    The learned judge at special term found that a "strike" had not been ordered by the defendant; that the fines complained of were legally imposed; and that plaintiff was properly deprived of his pass-card; and rendered judgment in favor of the defendant.

We think that the question whether or not a strike was ordered by the defendant is entirely immaterial, for the reason that the plaintiff was fined because he worked for an employer who did not pay his men weekly, and because he worked with non-union men, and for no other reasons.    By section 9 of the working code of the defendant it was provided that the brick-layers should be paid every Saturday, and by section 13 it was further provided that no member should work on the same job with a non-union man.    It is conceded that the plaintiff worked for several weeks for one Thomas H. Robbins, who did not pay his men on every Saturday; and it is also conceded that Mr. Robbins employed, during the same period, non-union brick-layers.    The plaintiff clearly violated the rules of the union, and therefore whether a strike was ordered against Mr. Robbins properly or not need not be considered in this case.

The next question is as to the relief asked that the fines for $75 be declared void.    We are not called upon to decide whether the fines were lawfully imposed, for the reason that the plaintiff has not exhausted his remedy in the union.    The executive committee may not have acted legally in fining the plaintiff without a trial, but their action was valid until reversed by the act of the union; and the plaintiff, as soon as he learned that the fines stood against him, should have appealed, and cannot maintain an action in equity until he has exhausted his remedy in the society.    This point seems well settled by a number of authorities.    *Poultney* v. *Bachman*, 31 Hun, 49; *Lafond* v. *Deems*, 81 N. Y. 507; *Gebhard* v. *New York Club*, 21 Abb. N. C. 248.    The plaintiff was fined on four occasions, as follows:    January 7, 1889, $10; January 14th, $25; January 28th, $25; February 11, 1889, $15.    He paid $25, and on July 29th was in default over six months for the fine of January 28th.    By article 10 of the by-laws, any member in arrears for fines or dues over six months was prohibited from working until the same were paid.    The plaintiff was deprived of his card on July 29, 1889, and at that time was in arrears over six months.    The card was properly taken away from him, if the fines were valid.    We have examined all the questions raised by the appellant, and conclude that, for the reasons above stated, the appeal is not well taken.    Judgment affirmed, with costs.