NEW YORK CHEMICAL COMPANY v. SPELL BROTHERS ET AL.

Decided June 5, 1909.

**1.—Injunction—Powers of District Court—Judgment of Justice Court—Void Judgment.**

If a judgment in a Justice Court for less than twenty dollars is void (the defendant therein having no right of appeal) the District Court has power to enjoin it.

**2.—Same.**

Where the defendant to a suit in a Justice Court is entitled to have the suit in the county of his residence and a proper plea of privilege to be sued in such county is presented and ignored by the justice, or the evidence was all one way in support of such plea and the justice arbitrarily overruled the same, the District Court upon a proper presentation of the matter to it has power to grant an injunction.

**3.—Same.**

Where the judgment in the Justice Court was for more than twenty dollars, and the defendant appealed to the County Court where the trial was de novo, errors, if any, committed in the Justice Court became immaterial in determining the defendant's right to an injunction.

**4.—Same—Pleading—Void Judgment.**

In a suit to enjoin the judgments of the Justice and County Courts on the ground, among others, that the said courts ignored the defendant's plea of privilege, allegations that the evidence was all in favor of said plea, that there was no conflict in the evidence on said issue, and that said plea was established by the undisputed evidence, were but conclusions of the pleader and were insufficient.   The petition should have set out the evidence both in support and against the plea.

**5.—Same—Dissolution on Bill and Answer.**

When a motion to dissolve an injunction is submitted on the sworn petition and answer, and the answer denies all the material allegations in the petition, the injunction is properly dissolved, and, in the absence of a request that the case be retained for a trial upon the merits, it is properly dismissed.

**6.—Same.**

Where the suit was for an injunction against a judgment rendered on an account, an allegation that the petitioner has a good and legal and equitable defense to said suit and a meritorious defense to same, was insufficient; the pleader should have set out the facts showing such defense.

**7.—Same—Jurisdiction of District Courts.**

If the judgment of the County Court, in a suit not involving probate matters, is not void, the District Court is without jurisdiction to enjoin it.   The County Court has general jurisdiction within the limits prescribed by the Constitution and the District Court is powerless to interfere when the County Court is acting within such limits.

Appeal from the District Court of Dallas County.   Tried below before Hon. E. B. Muse.

*M. L. Morris,* for appellant.

*Burgess & Burgess,* for appellees.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Dallas County, Texas, to enjoin the collection of a judgment in favor of Spell Brothers and against the New York Chemical Company, rendered in the County Court of Childress County, Texas. Upon presentation of the petition for the writ of injunction prayed for to the district judge he granted the writ, but upon final hearing at the October term, 1908, of the court, dissolved the same, dismissed the cause and adjudged that defendants .go hence without day and recover their costs. From this judgment the plaintiff has appealed. The petition alleged that the plaintiff, New York Chemical Company, was a Texas corporation with an office and agents in Dallas County; that the defendants, Edgar Spell and Lee Spell, reside in Childress County, Texas, and the defendants, A. L. Ledbetter and M. H. Turner, in Dallas County, Texas. That on the 12th day of September, 1907, defendants Spell Brothers filed suit against plaintiff in the Justice Court of Childress County for the sum of $80.50, upon an alleged open account; that upon service of process, and before answer was filed in said suit, plaintiff herein filed its plea of privilege to be sued in Dallas County, the county of its domicile, which was overruled and judgment rendered in favor of Spell Brothers for the amount of their demand. That plaintiff perfected an appeal from the judgment rendered against it in the Justice Court to the County Court, and that, when the case came on for trial in the County Court, plaintiff presented its plea of privilege to be sued in Dallas County, Texas, to that court, and offered proof of the facts alleged in said plea and insisted thereon, a copy of said plea being attached to the petition; that upon the hearing of said plea of privilege and said suit, the judge ignored said plea and instructed the jury not to consider it, and that on the merits of the case a judgment was rendered against the New York Chemical Company for the amount sued for, certified copies of said judgment and the court's charge to the jury being attached as a part of the petition. It is further alleged "that in the trial of said suit in the Justice Court and also in the County Court the facts in evidence bearing on said plea to the jurisdiction or venue as attached hereto, were all in favor of same, and were admitted, and there was no conflict in the testimony on the said issue, and both the plea, the undisputed evidence and admissions bearing on same were ignored and improperly overruled in both the Justice Court and the County Court. Wherefore plaintiff says said judgment is void." The petition further alleges "that the undisputed evidence in both the Justice and County Courts showed that Hollingsworth was not the agent of plaintiff herein, and that he had no authority to contract the debt in controversy, and that the judge of the County Court erred in submitting that issue to the jury, and both the jury in the County Court and in the Justice Court erred in finding said Hollingsworth was the agent of the plaintiff, and that the contracting of said debt was within the scope of his authority as such agent." It is further alleged that the judg-

ment recovered against plaintiff in the County Court is void because it does not dispose of the plea of privilege and its right to be sued in Dallas County, according to the undisputed facts.    That plaintiff herein has a good, legal, equitable and meritorious defense to said suit tried in the County Court; that the amount involved therein prevents the right of appeal by it to the Court of Civil Appeals of Texas, in said case, and it is without legal remedy; that an execution has been issued on said judgment in the County Court and placed in the hands of A. L. Ledbetter as sheriff of Dallas County, and he is threatening to make a levy thereof on the business and property of plaintiff; that the judge of Childress County, Texas, is about 300 miles distant, and by the use of the ordinary means of travel or communication could not hear his application for several days and until a levy on its business would be made in all probability, and its business suffer injury.

The defendant filed a verified answer and moved to dissolve the injunction alleging in substance that the plaintiff's petition did not set forth grounds which authorized the granting of an injunction against defendant's execution, or which would authorize the court to vacate their judgment in the County Court of Childress County; that the District Court of Dallas County has no jurisdiction to enjoin the enforcement of an execution issued out of the County Court; that writs of injunction granted to restrain the levy of an execution are required by statute to be made returnable to and tried in the court in which the judgment on which the execution issued was rendered; that as shown by plaintiff's petition it presented its plea of privilege to be sued in Dallas County and the county judge of Childress County, upon the evidence offered, instructed the jury to find against said plea, and, if same was error, it was a matter exclusively within the jurisdiction of said County Court, and the District Court of Dallas County has no jurisdiction to review or enjoin its judgment.    Defendants further aver, in effect, that every issue presented by the plaintiff New York Chemical Company, both in the Justice Court and in the County Court of Childress County, was duly considered and determined upon evidence offered pro and con in each of said courts; that it was conclusively shown and admitted that the cause of action sued upon in the Justice and County Courts of Childress County arose in precinct No. 1 of that county and the issue determined against the New York Chemical Company; that there were no admissions that the New York Chemical Company's plea to the jurisdiction was well taken, nor was any evidence offered thereon ignored, or on any other issue involved in this suit; that all the evidence in the Justice and County Courts conclusively showed that Hollingsworth was the agent of the plaintiff herein, and that he had authority to contract the debt sued on in said courts; that the matters alleged in plaintiff's petition as being undisputed were not only not undisputed, but were disputed by evidence offered at the trial in the County Court of Childress County on behalf of Spell Brothers, and the evidence upon the issues presented was all in favor of Spell Brothers.

It is contended, in substance, that the court erred in dissolving the injunction and in dismissing the case, because (1) the undisputed evidence and admission of Spell Brothers on the trial in the Justice

Court and in the County Court of Childress County established the plea of privilege of the New York Chemical Company to be sued in Dallas County, beyond controversy; (2) that the undisputed evidence on the merits of the case showed that one Hollingsworth contracted the debt sued on in the Justice and County Courts of Childress County, and that he was not the agent of the New York Chemical Company, and had no authority to contract said debt; (3) that this is an original suit and some of the defendants herein reside in Dallas County, and the trial court had jurisdiction in the premises, and the County Court of Childress County has no more jurisdiction in cases like the one at bar when the amount involved is only $80.50 than would a justice, hence the writ of injunction was not returnable to the County Court of Childress County; (4) that some of the defendants reside in Dallas County, and Spell Brothers having answered without filing a plea to the jurisdiction of the court, the court should have heard the evidence for and against the allegations of the bill, since if the facts therein alleged are true the judgment of the County Court of Childress County should be enjoined on the following grounds: (1) Because that judgment is void for want of jurisdiction in the court to render it; (2) because the cause of action as alleged was not proven in that no authority was shown in Hollingsworth to contract the debt made the basis of that suit.

These several contentions of appellant need not be taken up and discussed in detail. We are of the opinion the record does not show that appellant in any event was entitled to the relief sought, and that therefore the court did not err in dissolving the injunction and dismissing the case. It has been held in this State that if a judgment in the Justice Court for less than twenty dollars—the defendant therein having no right of appeal to the County Court—is void, the District Court has power to enjoin it. Gulf, C. & S. F. Ry. Co. v. Rawlins, 80 Texas, 579. It has also been held "that where the defendant to a suit in a Justice Court is entitled to have the suit brought in the county of his residence, and a proper plea of privilege to be sued in such county is presented and ignored by the justice, or the evidence was all one way in support of such plea and the justice of the peace arbitrarily overruled the same, then the District Court upon a proper presentation of the matter to it has power to grant an injunction." Jennings v. Shiner, 43 S. W., 276; Coca Cola Co. v. Allison, 52 Texas Civ. App., 54. The judgment in the Justice Court, of which the plaintiff in this suit complains, was for more than twenty dollars, and having exercised its right of appeal from said judgment to the County Court, and the case having been tried *de novo* in that court, the errors, if any, committed by the Justice Court become immaterial in determining plaintiff's right to the injunction granted and dissolved in this case. But we think it clear that the record before us does not show that either the judgment in the Justice Court or the judgment of the County Court was void. The petition merely alleges that the facts in evidence bearing on plaintiff's plea of privilege were all in favor of same; that there was no conflict in the testimony on said issue, and that the same was established by the undisputed evidence. These allegations are at most but the conclusions of the pleader, and insufficient to show the

fact sought to be alleged. "The evidence in support of the plea should have been set out as well as that, if any, tending to disprove the allegations therein." If there was evidence both ways on the plea, and the court in overruling or instructing the jury to find against plaintiff on it simply committed an error of law, then the judgment could not be enjoined. Coca Cola Co. v. Allison, supra. The allegations with respect to the agency and authority of Hollingsworth to contract the debt sued on were of a like general character, and even if the court's action on that phase of the case could be called in question and made the basis for enjoining the judgment, the allegations were wholly insufficient and showed no cause of action in that particular. But it is alleged, in effect, that the truth of the allegations contained in the plea of privilege was admitted, and that the admission, as well as the undisputed evidence offered in support of them, were ignored by the court. The answer to this phase of the case is, that it appears from the record before us that, at a regular term of the District Court in which this suit was filed, that same was submitted to the judge of said court for decision upon the sworn petition of plaintiff and answer of the defendants alone, and it does not appear that plaintiff introduced or offered any proof of the allegations of his said petition other than the petition itself. The defendants' answer denied all the material allegations of said petition. It was expressly averred therein, under oath, that there were no admissions in the trial of the case of Spell Brothers against the plaintiff herein in the County Court of Childress County, that said plaintiff's plea to the jurisdiction of that court was well taken, nor was said plea or any evidence offered in support thereof ignored by the court, and that it was conclusively shown and admitted that the cause of action sued on arose in precinct No. 1 of Childress County; that the evidence introduced upon the trial in the County Court conclusively showed that Hollingsworth was the agent of plaintiff and authorized to contract said debt; that all the issues in the case were considered upon testimony offered for and against them by the respective parties to the suit and all, except the issue raised upon the plea of privilege, submitted to the jury for their determination; that as to the plea of privilege the jury were instructed to find against plaintiff. If therefore, it can be said that plaintiff's petition was not obnoxious to a general demurrer, the court was certainly justified in concluding in this state of the evidence that plaintiff had not shown itself entitled to the relief sought, or if the case was simply disposed of upon the motion to dissolve without reference to the merits, then the defendants having denied all the material allegations of the plaintiff's petition and said petition having been verified by the oath of one of the defendants, all the equities of the bill were fully met and the injunction should have been dissolved. Hansborough v. Towns, 1 Texas, 58; Fulgham v. Chevallier, 10 Texas, 519; Blum v. Loggins, 53 Texas, 138. And in the latter case, the plaintiff not having requested, so far as the record before us shows, that the case be retained for trial upon the merits, was properly dismissed.

Again, the only allegation we find in plaintiff's petition, that it has any defense to the account which was sued on in the Justice and County Courts of Childress County, is the general allegation "that

your petitioner has a good and legal and equitable defense to said suit and a meritorious defense to the same." This allegation was insufficient in a suit asking for equitable relief. The petition should have alleged that appellant has a valid defense to the cause of action sued on and set out the facts showing such defense. Coca Cola Co. v. Allison, supra; Foust v. Warren, 72 S. W., 404. But again, we think it can not be said from any or all of the allegations of plaintiff's petition that the judgment of the County Court of Childress County was void, and if it was not the District Court was without jurisdiction to enjoin it. Rains v. Reasonover, 46 Texas Civ. App., 290. As said by this court in the case of Rains v. Reasonover, supra, "The District Court has no supervision of the County Court when acting within the limits of the Constitution, except as to probate matters. As to those its powers are definitely defined. The County Court has general jurisdiction within the limits prescribed by the Constitution which created it, and the District Court is powerless to interfere when the County Court is acting within those limits." Citing Gulf, C. & S. F. Ry. Co. v. Cleburne Ice & Cold Stor. Co., 83 S. W., 1100; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 1.

It results from what has been said that, in our opinion, the judgment of the lower court ought to be affirmed, and we need not express any opinion as to other reasons urged therefor.

The judgment of the court below is affirmed.

*Affirmed.*