JOHN O'CONNOR, as President of Local No. 35, etc., et al., Plaintiffs, *v.* PATRICK J. MORRIN, as President of the International Association of Bridge, Structural and Ornamental Ironworkers, et al., Defendants.

(Supreme Court, Kings Special Term, November, 1919.)

Injunctions — when motion for an injunction pendente lite will be denied — labor unions — pleading.

A local union of the " International Association of Bridge, Structural and Ornamental Ironworkers" and the members of the union must seek their remedy for an alleged wrongful suspension from the parent organization, as provided by the rules, regulations and by-laws of the organization itself.

Where by the complaint in an action for equitable relief upon a claim that plaintiffs, members of a local union of said association, and the local union have been illegally suspended from membership therein, it affirmatively appears that an appeal may be taken to the convention of the association to be held in 1920; that the plaintiffs intend to take such appeal and that pending the hearing and determination thereof the rights of all concerned are fully protected by the by-laws, the court will not interfere, and plaintiffs' motion for an injunction *pendente lite* will be denied.

ACTION for an injunction.

Robert U. Gilmore, for plaintiff.

William Harmon Black (Frank P. Walsh, of counsel), for defendant Morrin.

MANNING, J.   The plaintiff O'Connor, as president of Local No. 35 of Long Island of the International Association of Bridge, Structural and Ornamental Ironworkers, and the plaintiffs Gillen and Slattery, as individual members of said local, bring this action against Patrick J. Morrin, as president of the International Association of Bridge, Structural and Ornamental Ironworkers, and others, for equitable relief and also for an injunction, the plaintiffs claiming that said Local No. 35 and the individual members thereof have been illegally suspended by the parent organization, and that by reason of such suspension they have suffered and are likely to suffer damage to what they call their vested rights in and to certain benefits which they say they are entitled to by reason of their membership in the organization.   The International Association and the other defendants herein, appearing specially upon this motion for injunctive relief, contend that the plaintiffs' proper forum is within the organization itself, and that any alleged wrongs which

the plaintiffs have suffered can be adequately righted in the manner provided for by the rules, regulations and by-laws of the organization itself, and that as the plaintiffs have failed so far to exhaust their remedy within the organization, the court ought not to interfere and grant the relief prayed for. I am inclined to think that the position assumed by the defendants is correct, as it affirmatively appears by the plaintiffs' complaint and also from the moving papers herein that an appeal lies from the decision of the executive board to the succeeding convention, and that this convention of the International Association will be held at Cleveland, Ohio, on or about September 14, 1920; and it further appears from an allegation of said complaint that the plaintiff Local Union No. 35 and the individual plaintiffs Slattery and Gillen intend to appeal from the decision of the executive board to the succeeding convention. It is also made to appear that pending the hearing and determination of that appeal the rights and interests of the individual plaintiffs, and all other members of the Local Union No. 35, are fully protected by a provision of the by-laws which enables them to become affiliated with any other local union within the district, without any charge whatsoever, and therefore they are in no danger of suffering damage for the loss of their benefit rights. This being the situation, I am inclined to the belief that the court should not be called upon to interfere in the internal dissension occurring within the organization itself. Perhaps the rule cannot be better stated than in the language of Miller, J., in the case of *Lafond* v. *Deems*, 81 N. Y. 514, where he said: " Courts should not, as a general rule, interfere with the contentions and quarrels of voluntary associations, so long as the government is fairly and honestly administered, and those who have grievances should be required in the

first instance to resort to the remedies for redress provided by their rules and regulations.''

To the same effect see *Johansen* v. *Blume,* 53 App. Div. 526; *Lewis* v. *Wilson,* 50 Hun, 166; *Poultney* v. *Bachman,* 31 id. 49; *Burns* v. *Bricklayers' Union,* 14 N. Y. Supp. 361.

The application for injunction *pendente lite* is, therefore, denied.

Application denied.