## BRAZELTON et al. v. SLATTEN et al.
### (No. 10664.)

(Court of Civil Appeals of Texas. Fort Worth. June 30, 1923. Rehearing Denied Oct. 13, 1923.)

1. Associations ⬤⟞18—Relief not had in courts where by-laws provide for appeal to higher branch of lodge.

Recourse may not be had to civil courts for relief by mandamus or injunction to have the officers of a grand lodge restore to a subordinate lodge its charter and rituals where the by-laws and constitution of the order provided for an appeal from the order complained of to some higher branch which is vested with authority to determine the controversy.

2. Associations ⬤⟞18—Under denial of allegations that grand master lacked authority to revoke charter, relief based on such allegations properly denied.

In suit for mandamus to compel the grand master of a lodge to restore to plaintiff its charter and rituals which defendants had taken up and withdrawn from the lodge, where allegations in the petition of lack of authority in defendant under by-laws to revoke the charter were denied by a verified plea, and the case was submitted on the pleadings, relief based on such allegations was properly denied plaintiffs.

Appeal from District Court, Cooke County; C. R. Pearman, Judge.

Application for mandamus by S. J. Brazelton and others, as trustees of Red River Lodge No. 344, Independent Order of Odd Fellows, against J. L. Slatten, as Grand Master of the Grand Lodge of Independent Order of Odd Fellows, and another. From judgment denying mandamus, plaintiffs appeal. Affirmed.

Stuart, Bell & Moore, of Gainesville, for appellants.

J. T. Adams and James Ralph Bell, both of Gainesville, for appellees.

DUNKLIN, J. S. J. Brazelton, J. R. Evans and W. L. Blanton, as trustees for the subordinate lodge of the Grand Lodge of Independent Order of Odd Fellows of Texas, situated in the city of Gainesville, Tex., known as Red River Lodge No. 344, have appealed from an order of the district court of Cooke county refusing them a writ of mandamus, for which they had sued, requiring J. L. Slatten, Grand Master of the Grand Lodge of Independent Order of Odd Fellows of Texas, and E. Q. Vestal, the Grand Secretary of that lodge, to restore to plaintiffs the charter and rituals of said Red River Lodge No. 344 which Slatten, as such Grand Master, had theretofore taken up and withdrawn from said lodge.

According to allegations in plaintiffs' petition, another subordinate lodge of the same order, known as Elm Lodge No. 74, is also located in the city of Gainesville, and the trustees of that lodge were also made parties defendant to this suit. According to further allegations in plaintiffs' petition, on June 20, 1922, the two subordinate lodges named above owned jointly a two-story brick building in the city of Gainesville, and both used the upper story for lodge meetings, but on or about that date the Red River Lodge sold its undivided one-half interest to an individual, the consideration for such conveyance being a promissory note for $1,000 secured by a vendor's lien, and reserving to the lodge so selling the right to use the lodge room for lodge purposes for a period of five years free of all cost to it. It is further alleged in the petition that prior to said sale there had been differences of long standing between the two lodges, some of which differences still exist, and that following said sale the Elm Lodge instituted suit against the grantee in the deed of the Red River Lodge and also against that lodge to cancel said deed and note given in consideration therefor, and to reinvest in said Red River Lodge the one-half interest in said property so sold.

It was further alleged that the Grand Lodge of the order for the state of Texas met

in regular session at Dallas, Tex., on March 19, 1923; that prior to said meeting the Grand Master of the lodge had taken up and canceled the charter of the Red River Lodge, and had required it to pay a certain indebtedness to Elm Lodge; that an appeal had been prosecuted from the ruling to the Grand Lodge, which, during that meeting, adopted the report of the committee which recommended a restoration of the charter and lodge effects of Red River Lodge which had been taken up by the Grand Master, but further recommended that the Grand Master be directed and empowered to require the two subordinate lodges to settle their differences "in and by the withdrawing of all lawsuits in the civil courts and the positive agreeing on all matters now in difference," and, in the event of failure of the lodges to settle their differences, that the Grand Master be directed to take up both charters and hold the same subject to the direction of the Grand Lodge.

It was further alleged that the defendants Slatten and Vestal were elected to their respective offices of Grand Master and Grand Secretary at that meeting of the Grand Lodge; that thereafter Slatten, as Grand Master, attended a meeting of the Elm Lodge, at which meeting there were also members of the Red River Lodge, and attempted to bring about a settlement of differences between the two lodges; that, having failed to effect such a settlement, he arbitrarily and without just cause withdrew from the Red River Lodge its charter and rituals, and at the same time permitted Elm Lodge to retain its charter and rituals.

According to further allegations in the petition, such action on the part of Slatten was null and void because it is contrary to and in violation of the order of the Grand Lodge already mentioned, and because, further, he had no authority under the laws of the order to take any course except that prescribed by the resolution passed by the Grand Lodge.

It was further alleged that, if the defendants Slatten and Vestal are permitted to withhold from Red River Lodge its charter and rituals, the existence of that lodge will be threatened and endangered, and it will be denied the privilege of meeting in the lodge building, to which they have a possessory right. It was further alleged in the petition that, under the terms of the deed by virtue of which Red River Lodge acquired said one-half interest in the property, said interest, as well as the purchase-money note taken in payment therefor when it sold the same, will revert to and become the property of Elm Lodge or of the Grand Lodge of the state of Texas if the action of Slatten as Grand Master in withdrawing and canceling said charter is not annulled, and, further, that, until said order of Slatten is set aside, Red River Lodge will have no legal standing in court, and will therefore be unable to appear in and assert its rights in the suit now

pending wherein Elm Lodge is seeking to cancel the deed of conveyance made by Red River Lodge of its one-half interest in the lodge building as mentioned above.

It was further alleged that plaintiffs had appealed to the Grand Lodge of the state of Texas from the action of Slatten in taking up and withdrawing the charter and rituals from Red River Lodge, but that the Grand Lodge will not convene again until March, 1924, and therefore plaintiffs will be unable to obtain relief by appeal prior to that meeting.

The defendants Slatten and Vestal filed a plea in abatement, in which it was alleged that the Independent Order of Odd Fellows is a fraternal association having a lodge system, ritualistic form of work, and representative form of government; that its government consists of a Sovereign Grand Lodge of the United States, which is the supreme lawmaking body for the said order, and a Grand Lodge of the state of Texas, which is also a lawmaking body, with power to make laws within the state not inconsistent with those enacted by the Sovereign Grand Lodge; that the Grand Lodge of the state has the right to issue charters to subordinate lodges within the state, which, when organized, are subject to and under the jurisdiction, laws, and regulations enacted by the state Grand Lodge and the Sovereign Grand Lodge; that neither the Sovereign Grand Lodge nor the Grand Lodge of the state nor the subordinate lodges are organized for profit, nor have they any capital stock; that under the laws of the order subordinate lodges may acquire and hold property for purposes of lodge rooms where meetings may be held, but the title to the property so acquired is not for the benefit of the independent members of such lodges, but for the benefit of the subordinate lodge as an entity, and that, whenever a subordinate lodge becomes defunct or its charter is arrested by the Grand Lodge or Grand Master of the order, then title to such property vests in the Grand Lodge of the state. It was further alleged that the Grand Lodge of the state consists of representatives elected from each of the subordinate lodges of the state, and meets in annual convention for the purpose of considering all matters of business for the order within the state, also for passing laws, hearing appeals from subordinate lodges or the members thereof; that in all questions and matters relating to the business or right of any subordinate lodge or of any member thereof an appeal will lie to the Grand Lodge of the state, and also from the action of that lodge to the Sovereign Grand Lodge. It was further alleged:

That "under the laws passed by the Sovereign Grand Lodge and the laws of the Grand Lodge of this state the Grand Master of the state has supervisory power over all the lodges in the state in vacation, and for cause, in the exercise of his discretion, may arrest the char-

ter of any subordinate lodge, and, in cases where the Grand Master, in vacation of the Grand Lodge, may arrest the charter of subordinate lodge, the laws of the order provided that he must report his action to the Grand Lodge; that the laws of the order also provided that the subordinate lodges whose charters have been arrested may appeal from the action of the Grand Master of the Grand Lodge, where the matter concerning the arresting of the charter will ‚be heard by the Grand Lodge, and the question whether or not the Grand Master wrongfully or rightfully arrested any such charter will be heard and determined by said Grand Lodge, and, if it is determined by said Grand Lodge that the Grand Master wrongfully and without authority of the laws of the order arrested said charter, then said charter will be restored to said subordinate lodge; that in case the Grand Master ‘should be sustained by the Grand Lodge then the laws of the order provide that an appeal will lie from the action of the Grand Lodge to the Sovereign Grand Lodge, which is the supreme judicial tribunal of the order, where said appeal will be considered and determined.”

It was further alleged that under the laws of the order the Grand Lodge of the state has the authority to arrest the charter of any subordinate lodge, and that during the vacation of the Grand Lodge the Grand Master has all the authority to arrest a charter that the laws of the order confer upon the Grand ‚Lodge, and that “the laws of the order.provide that neither subordinate bodies nor members thereof shall have the right to apply to the civil court for the enforcement of any right or the determination of any grievance arising under and by virtue of the laws of the order; that the tribunals provided by the order shall have exclusive jurisdiction to try and finally determine the rights of subordinate bodies and the members thereof as to their rights in the order.” It was further alleged in the plea in abatement that the defendant Slatten, as Grand Master, did arrest the charter of the Red River Lodge; that in so doing he was acting under the direction ‘of the Grand Lodge, and also by virtue of the authority vested in him by the laws of the order.

The petition and plea in abatement were both duly verified, and on April 30th both were heard by the court in regular session. Upon said hearing the plea in abatement was sustained, and plaintiffs’ suit was dismissed.

No statement of facts appears in the record. In briefs filed by appellants it is stated that no evidence was introduced, but that the hearing was upon the pleadings only, while it is stated in appellees’ brief that evidence was introduced. The judgment of the court recites that the petition and the plea in abatement were both heard, and that the “court, being fully advised in said matter, is of the opinion that the said plea in abatement should be, and the same is hereby, in all things sustained.” But there is no specific recital of evidence heard. It is impossible for us to determine whether or not evidence was heard in support of the plea in abatement, but we will proceed upon the assumption that the trial was upon the pleadings only.

[1] It is well settled by the authorities, as a general rule, that recourse may not be had to civil courts for relief by writs of mandamus or injunction in cases like the present suit if the by-laws or constitution of the order provide for an appeal from the order or action complained of to some higher branch of the same order, which is vested with jurisdiction to determine the merits of the controversy. Screwmen’s Association v. Benson, 76 Tex. 552, 13 S. W. 379; Fraser v. Buck (Tex. Civ. App.) 234 S. W. 679; Sawtell v. Feser (Tex. Civ. App.) 235 S. W. 960; 5 C. J. 1364, 1365; Manning v. San Antonio Club, 63 Tex. 166, 51 Am. Rep. 639. There is no verified denial in plaintiffs’ pleadings of the allegations contained in the plea in abatement to the effect that an appeal lies in plaintiffs’ favor to the Grand Lodge of Texas from the action of Slatten in withdrawing the charter and rituals of the Red River Lodge, and that an appeal would also lie from the action of the Grand Lodge of the state if adverse to plaintiffs to the Sovereign Grand Lodge of the United States. Indeed, in plaintiffs’ petition it was alleged that they have prosecuted an appeal to the Grand Lodge of the state from the action of Slatten in withdrawing its charter. It thus appears that the laws of the order requiring a settlement of such controversies by the duly established tribunals of the order cannot be ignored in the absence of a showing of special circumstances which, under the rules of equity, would excuse plaintiffs from abiding by their contract to look only to the tribunals of the order for settlement of such a controversy. It will be observed that the suit is by the plaintiffs as trustees for Red River Lodge as a separate entity and not for the individual benefit of the plaintiffs. Essentially, it is a suit by the Red River Lodge. Clearly the lodge had a right to appeal, and has appealed, to the Grand Lodge of the state, and the Grand Lodge has jurisdiction to restore its charter when its appeal is heard. If its charter is restored, its property right in the lodge building in Gainesville will necessarily be restored also as an incident to the restoration of its membership. If its charter is not restored, then it can no longer use the property, and, according to the by-laws as pleaded by the defendants, title to the property will at once vest in the Grand Lodge of the state.

According to allegations in plaintiffs’ petition, the suit which has been instituted by the Elm Lodge to recover the property in an action to recover for the Red River Lodge the one-half interest in the property which it has sold, and not a suit to recover it for the Elm Lodge. So we are unable to perceive how the

failure of the Red River Lodge to appear and defend that suit can result in any substantial loss to it, even though it could be said, but which we do not decide, that the Red River Lodge, or the plaintiffs as trustees for it, would have no right pending their appeal to the Grand Lodge to intervene in that suit and assert its property rights. It is true that there is an allegation in the petition that, when the Red River Lodge purchased that property, under and by virtue of the deed, the one-half interest so acquired would revert to the Elm Lodge in the event the Red River Lodge should become defunct. But that result will not happen if plaintiffs are successful in their appeal which they are now prosecuting to the Grand Lodge of the state. If it is finally determined by the Grand Lodge or the Sovereign Grand Lodge that the charter of Red River Lodge was properly revoked, and the property is thereby lost by that lodge to Elm Lodge, then appellants cannot complain because that result will be in accordance with the terms of the deed under which Red River Lodge claims.

[2] It thus appears that the allegations in plaintiffs' petition of lack of authority in Slatten under the by-laws of the order to revoke the charter were denied by a verified plea. Under such denial the court was authorized to deny plaintiffs the relief prayed for in so far as the same was based on such allegations. Blum v. Loggins, 53 Tex. 138; Dawson v. Baldridge, 55 Tex. Civ. App. 124, 118 S. W. 593; N. Y. Chemical Co. v. Spell Bros., 56 Tex. Civ. App. 315, 120 S. W. 579.

If we sustain appellants' contention that defendants' allegations as to the contents and substance of the by-laws of the order cannot be given effect, since those laws were not set out in hæc verba, then for the same reason such holding, would be fatal to all allegations in plaintiffs' petition as to the laws of the order, and the burden was upon plaintiffs to show grounds for relief, in the absence of any answer by defendants, including the burden of showing that plaintiffs had no right of appeal from the action of the Grand Master to any tribunal of that order, such as given by the by-laws pleaded by defendants.

But, even though it could be said that Slatten was bound by the resolution of the Grand Lodge mentioned above, and that neither that resolution nor any by-law of the order authorized such action by him as Grand Master, still, according to the laws of the order, plaintiffs have the right of appeal from his action to the Grand Lodge. The right of appeal lies, however erroneous such action may be, or for whatever reason.

We do not believe that the authorities cited by appellant, and which we have examined, take this case out of the operation of the general rule of noninterference by civil courts with the government of such associations as the one in question, in accordance with their constitutions and by-laws, which are binding upon each individual member and lodge member, since the facts of those cases clearly distinguish them from the present suit. The principal decisions cited are Supreme Council, Catholic Knights of America, v. Gambati, 29 Tex. Civ. App. 80, 69 S. W. 114; Minor v. St. John's Union Grand Lodge, 62 Tex. Civ. App. 100, 130 S. W. 893; Lone Star Lodge v. Cole, 62 Tex. Civ. App. 500, 131 S. W. 1180; Gaines v. Farmer, 55 Tex. Civ. App. 601, 119 S. W. 874; Thompson v. Grand International Brotherhood of L. E., 41 Tex. Civ. App. 176, 91 S. W. 834.

For reasons stated, the judgment of the trial court denying the mandamus sought is affirmed.