ANDROFF ET AL. *v.* THE BUILDING TRADES EMPLOYERS' ASSOCIATION OF THE CALUMET DISTRICT.

[No. 12,110.   Filed June 12, 1925.]

1.  CONTRACTS.—*Membership contract in co-operative association of employers may be enforced against member and surety on his bond.*—Membership contract between a member of a co-operative association of employers and the association whereby the member agrees to obey its rules and by-laws is not contrary to public policy or in restraint of trade, and a penalty for the violation of any rule or by-law may be enforced not only against the member but against a surety on his bond given to the association to insure a compliance with such rules. p. 299.

2.  ASSOCIATIONS.—*Member of employers' association liable for violation of rules of the association.*—Member of employers' association liable for violation of rule adopted by the associa-

tion fixing the minimum wages to be paid by any of the members thereof, and this liability may be enforced against the surety on the member's bond given to insure a compliance with the rules of the association. p. 299.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by the Building Trades Employers' Association of the Calumet District, a corporation, against John Androff and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the court in banc.

*McMahon & Conroy,* for appellant.
*Bomberger, Peters & Morthland,* for appellee.

THOMPSON, J.—Appellee, an Indiana corporation, organized as a voluntary association, for other than pecuniary profit, and for the general welfare of employers for united action and to assist in the making of trade agreements between employers' trade organizations and labor organizations and for other purposes, brought this action against appellant Androff as principal, and the appellant corporation as surety on a bond to recover as liquidated damages the sum of $1,000 for the alleged violation of a promulgated rule or resolution of appellee, adopted May 15, 1921, that no more than one dollar per hour would be paid as wages, to craftsmen, which includes journeymen plumbers, by members of the appellee association of which Androff was a member. The specific charge against Androff is that while a member in July, 1921, he employed and paid journeymen plumbers at a rate of $1.25 per hour in violation of said resolution. And it is further alleged that appellant Androff, by reason of becoming a member of said association, contracted and agreed that he would, at all times, conform to the constitution and by-laws, obey the rules, carry out all lawful orders, regulations, rules, di-

rections, decisions and agreements made or approved by appellee, and would pay all dues, fines or other moneys that might be charged against him according to the constitution and by-laws of said association; that, before the bringing of the action, a demand by appellee for $1,000 from each of the appellants was refused.

A separate demurrer by each of the appellants was filed to the amended complaint; and overruled, to which ruling each excepted. There was an answer of general denial, a trial by the court and finding for appellee against both appellants in the sum of $1,000 and costs.

The appellants filed a motion for a new trial, which was overruled by the court, and each appellant excepted.

The errors assigned are: (1) The overruling of the demurrers to the amended complaint; (2) the overruling of the motion for a new trial.

There was no error in overruling the demurrer to the amended complaint. So the only question to be determined is whether the court erred in overruling appellant's motion for a new trial. In said motion appellants moved for a new trial on the ground that, "(1) The decision of the court is contrary to law. (2) The decision of the court is not sustained by sufficient evidence. (3) The court erred in admitting in evidence exhibits A, B and C."

Exhibit "A" being a copy of the contract of membership of appellant John Androff in The Building Trades Employers' Association of the Calumet District, which, in substance, is, that John Androff, appellant, will, at all times and in all respects, faithfully observe and carry out all lawful orders, regulations, rules, directions, decisions and agreements made and approved by appellee in keeping with the by-laws and constitution, and will pay to appellee all dues, fines or other moneys which may be charged against appellant Androff in pursuance of said by-laws.

MAY TERM, 1925. 297

Androff *v.* Building Trades Employers' Assn.—83 Ind. App. 294.

Exhibit "B" is the bond on which the action is based.

Exhibit "C" is the resolution passed on April 29, 1921, that on and after May 15, 1921, all craftsmen's pay should be one dollar per hour and all building laborers' pay seventy cents per hour.

Appellants concede that the articles of incorporation, in evidence, disclose that it is an association organized for a lawful purpose; that the State of Indiana recognizes the right of workmen to combine and promote their own interest and to enforce their combination by any lawful means; that what one may lawfully do alone, he may ordinarily do in conjunction or combination with others, and that any lawful purpose may be enforced by any lawful means which includes the right to make lawful rules and by-laws for the members and to enforce them by fines, etc. (*Brown* v. *Stoerkel* [1889], 74 Mich. 269, 3 L. R. A. 430; *Rhodes Bros. Co.* v. *Musicians Union* [1915], 37 R. I. 281, 92 Atl. 641, L. R. A. 1915E 1037; *Willcutt & Sons Co.* v. *Driscoll* [1907], 200 Mass. 110, 85 N. E. 897, 23 L. R. A. (N. S.) 1236; *Burns* v. *Bricklayers', etc., Union* [1891], 14 N. Y. Supp. 361.)

In this state, the law recognizes the right of laboring men to combine to promote their own interests, and to enforce their combination by any lawful means, even to the extent of picketing an employer's premises. (*Karges Furniture Co.* v. *Amalgamated, etc., Union* [1905], 165 Ind. 421, 75 N. E. 877, 2 L. R. A. [N. S.] 788, 6 Ann. Cas. 829.)

If the employee has the right to say what wages he will work for, the employer should have the right to say what wages he will pay. If men may lawfully combine to accept a minimum wage which they fix, and may enforce that combination among themselves by fine, suspension or other form of discipline, employers may likewise form a combination for any lawful purpose,

including the fixing of a maximum wage, and enforce it by the same means available to the employees. (*Iron Moulders Union* v. *Allis-Chalmers Co.* [1908], 166 Fed. 45, 91 C. C. A. 631, 20 L. R. A. [N. S.] 315.) In that case, the court said: "If appellee had the right, (and we think the right was perfect) to seek the aid of fellow foundry men to the end that the necessary element of labor should enter into appellee's product, appellants had the reciprocal right of seeking the aid of fellow moulders to prevent that end. To whatever extent employers may lawfully combine and co-operate to control the supply and the conditions of work to be done, to the same extent should be recognized the right of workmen to combine and co-operate to control the supply and the conditions of the labor that is necessary to the doing of the work." (*Herriman* v. *Menzies* [1896], 15 Cal. 16, 44 Pac. 660, 35 L. R. A. 318, 56 Am. St. 81; *Matthews* v. *Associated Press, etc.* [1893], 136 N. Y. 333, 32 N. E. 981, 32 Am. St. 741; *Jackson* v. *Stanfield* [1894], 137 Ind. 592, 610, 36 N. E. 345, 37 N. E. 14, 23 L. R. A. 588; *Walker* v. *Cronin* [1871], 107 Mass. 555, 564.)

If labor organizations and similar associations did not have the right to enforce compliance and submission to their rules, regulations and by-laws, then they would be powerless, and the courts have upheld such organizations so long as they are organized for a lawful purpose, and will aid them in carrying out and enforcing all contracts with reference to the same.

In this case appellant Androff was a member of appellee, the Building Trades Employers' Association of The Calumet District, the objects of which association, as shown by the following articles of incorporation, are:

(1)    To work for the general welfare of the building industry and to create and maintain uni-

formity, harmony and certainty in the relationship between employers and organizations of employees.

(2) To provide an association of employers for united action through a central body made up of trade organizations.

(3) To assist in the making of trade agreements between employers' trade organizations and labor organizations.

(4) To insist on the keeping of trade agreements, both in letter and in spirit.

(5) To promote a just and equitable relationship between employer and employee.

(6) To prevent strikes and lockouts.

(7) To promote the settlement of trade disputes by arbitration.

(8) To work for the general welfare of the various organizations affiliated with this Association.

(9) To encourage the formation of organizations of contractors wherever beneficial.

(10) To promote industrial and mechanical interests; to adjust differences and settle disputes between members or between members and others; and for other purposes conducive to the interests of its members. It is further designed to inculcate better fellowship and a more co-operative spirit, both among men whose vocation has led them to corresponding lines of work and other men whose work are in very close relation.

(11) To oppose any unlawful and unwarranted interference with the rights of contractors in the pursuit of their calling.

Appellants earnestly contend that this action cannot be maintained as the whole theory of the case is wrong; that the contract on which it rests is void as being against public policy and in restraint of trade. We do not think so. The evidence shows, and the court trying the case found, that appellant Androff violated his bond and there is no reason why either he or the insurance company should be exempt from the payment of the penalty of the bond.

The court did not err in admitting in evidence exhibits complained of, nor in overruling the motion for a new trial.

Judgment affirmed.